# EXHIBIT A

George T. Waddoups, #3965
Michelle K. Waddoups, #14025
GEORGE T. WADDOUPS & ASSOCIATES PLLC
45 West Sego Lily Drive, Suite 315
Sandy, Utah  84070
Telephone: (801) 212-9992
Facsimile: (801) 212-9122
george@waddoupslaw.com
michelle@waddoupslaw.com
Attorneys for Plaintiffs

---

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>          Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS); and JOHN DOE CORPORATIONS 1-5,<br><br>          Defendants. | **COMPLAINT TIER III**<br>**(More than $300,000.00)**<br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Number<br><br>Judge |

Plaintiffs complain of Defendants as follows:

# I.

## PARTIES, JURISDICTION, AND VENUE

1.      At all material times herein, Plaintiffs were residents of Sanpete County, State of Utah.  Plaintiffs purchased the Lincoln Zephyr from Bluff Street Auto Brokers (hereafter "Auto Brokers" or "Defendant.")  Auto Brokers was in the business of selling and servicing automobiles in Southern Utah, including St. George.

2.      At all material times herein, Defendant Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, was authorized to sale and service Ford and Lincoln Motor vehicles throughout the State of Utah, and serviced the area of Sanpete County.

3.      At all material times herein, Ford Motor Service Company was authorized to transact business in the State of Utah, and was doing so in maintaining and servicing Ford and Lincoln Motor vehicles throughout the State of Utah, including Sanpete County.  Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, and Ford Motor Service Company are hereafter collectively referred to as "Ford" or "Defendants."

4.      Defendants Takata Corporation, also known as Takata Protection Systems Inc.; Takata Kyushu Corporation; Takata Service Corporation, acquired in part by Key Safety Systems (KSS), collectively referred to as Takata, Ford, and Defendants, and John Doe Corporations 1-5 are other corporations of contractors; manufacturers; parts manufacturers; assemblers; installers of parts; sensors; and electrical circuits that are not manufactured by Ford.  The names and identities of these companies will be

2

added to the Complaint once their identities are known to Plaintiffs. Takata is collectively referred to in this Complaint under "Ford" or "Defendants." Takata is authorized to provide airbags, component parts, and safety features found in Ford Lincoln vehicles, including the 2006 Lincoln Zephyr.

5.     This cause of action arose in Sanpete County, Manti, Utah, on January 3, 2020, when Plaintiff Elanore Tillack was involved in a serious car accident, where the airbags failed to deploy, thereby conferring jurisdiction and venue upon this Court.

## II.

## STATEMENT OF FACTS

6.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 5 above.

7.     Ford has been in the business of manufacturing, selling, and servicing automobiles for over a century.

8.     In 2006, Ford manufactured the Lincoln Zephyr.

9.     In 2007, Plaintiffs purchased the 2006 Ford Lincoln Zephyr from Defendant Bluff Street Auto Brokers.

10.     Plaintiffs maintained the 2006 Ford Lincoln Zephyr as required throughout their years of their ownership.

11.     Unbeknownst to Plaintiffs, Ford and airbag manufacturer Takata, had been engaged in receiving complaints about airbags that did not deploy or exploded upon deployment, causing serious injuries.

12.     Unbeknownst to Plaintiffs, as these complaints continued to be reported, Ford took no action to remedy the situation.

13.     Eventually, approximately, 67 million airbags in 42 million vehicles were recalled in one of the largest recall efforts in United States history.

14.     Plaintiffs lived in a small community in Manti, Utah, and continued about their normal affairs over the next thirteen (13) years after purchasing their 2006 Ford Lincoln Zephyr.

15.     On January 3, 2020, Plaintiff was driving her 2006 Ford Lincoln Zephyr to the temple in Manti.

16.     Elanore Tillack was driving the vehicle with her grandson, Trey, in the passenger side of the back seat.

17.     Plaintiff drove east from her home, which was located on Keller Road, to the intersection with U.S. 89.

18.     The southbound side of U.S. 89 has a left turn lane to turn onto Keller Road, and two lanes for southbound traffic.

19.     As Plaintiff attempted to make a right-hand-turn into lane 2, a vehicle struck Plaintiff's driver's side quarter panel, traveling at approximately 70 m.p.h.

20.     The crash was so significant that it spun the Tillack vehicle around, which was struck by another vehicle.

21.     Emergency personnel were summoned to the scene.

22.     Plaintiff Elanore Tillack sustained serious injuries and was flown to Utah Valley Hospital in Utah County.

23.     Plaintiff Elanore Tillack sustained serious injuries to her head; brain injury; fractured clavicle; sternum fracture; left rib fracture; right rib fracture; collapsed lung; right radial wrist fracture; right sacral fracture; pubic rami fracture; left tibial fracture; hips; and soft tissue injuries to her body.

24.     Plaintiff spent substantial time rehabilitating from her injuries.

25.     At some point later in January of 2020, Plaintiff received a recall notice regarding an urgent safety recall.

26.     Once Plaintiff Elanore Tillack was well enough to look at the mail, she discovered that she had received an urgent airbag recall on the 2006 Ford Lincoln Zephyr that she was involved in with the crash.  It was the latter part of January when she discovered the urgent airbag recall.

27.     Prior to this particular airbag recall received in 2020, the Tillacks do not recall receiving any other notice or complication regarding the airbags in the 2006 Ford Lincoln Zephyr.

28.     After Plaintiff Elanore Tillack was well enough to go through the mail and observe the recall, they did an investigation to determine, by vin number, if their particular vehicle was part of the recall.  Upon checking the vin number of their 2006 Ford Lincoln Zephyr, it was, in fact, part of this largest airbag recall in U.S. history.

29.     Plaintiffs allege that Ford manufactured the airbag sensors; airbag modules; electrical parts; and wiring.

30.     Plaintiffs allege that Ford chose what sensors; electrical parts; wiring; modules; and Takata parts to install, assemble, manufacture the airbag and its

components and implied, expressed, represented, and warranted the Zephyr and its safety components, including the above and the Takata airbag.

31.     Plaintiffs allege that Ford knew there were safer components and airbags available in 2006, free from design and manufacturing defects, but chose to manufacture and install said sensors; modules; wiring; electrical parts; and Takata airbags that were defective in design or manufacture.

32.     Plaintiffs relied on Ford's and Defendants' representations, warranties, and guarantees, expressed and implied, that the 2006 Ford Lincoln Zephyr would perform as Plaintiffs use in their ordinary driving, and that the safety features, including the airbags and component parts, are fit for the ordinary purpose and would engage to protect Plaintiffs.

33.     Over the next thirteen years, Ford/Defendants received numerous complaints and warnings, and possessed knowledge that the airbags and components were defectively designed and manufactured, and could not protect Plaintiffs.  Ford failed to notify Plaintiffs of the recall until sometime after Elanore was injured.

### III.

### FIRST CAUSE OF ACTION
### Negligence
### (Against All Defendants)

34.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 33 above.

35.     After the Tillacks determined that they had received this urgent recall and discovered this recall in the latter part of January 2020, a vehicle inspection was

eventually set up with Ford's attorney.  Upon inspecting the vehicle, it was Plaintiff's position that she was hit with such force in two (2) different impacts, that the airbags should have deployed, which would have minimized her injuries.

36.    Plaintiffs allege that Defendants had a duty to make sure that the 2006 Ford Lincoln Zephyr was safe when it left the Ford manufacturing plant, and all of the components, including the sensors to the airbags; wiring; electrical circuits; air bag modules; diagnostic modules; and air bag inflator were properly manufactured, designed, and installed.

37.    Plaintiffs allege that Defendants breached their duty and were negligent in making sure the 2006 Ford Lincoln Zephyr was safe for Plaintiffs to operate.  On January 3, 2020, Plaintiffs' vehicle was violently struck by two vehicles and none of the airbags deployed, resulting in more serious injuries to Elanore.

38.    As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained injuries outlined above and incurred past, present, and future medical expenses in an amount not less than $245,000.00; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $300,000.00.

39.    As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiffs sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an

increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $1,000,000.00.

40.      As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff Ed Tillack asserts a claim for loss of consortium, given the serious nature of Plaintiff Elanore Tillack's injuries that had a substantial impact on their marital relationship.  Accordingly, Plaintiff Ed Tillack asserts a claim for loss of consortium pursuant to *Utah Code Ann*. § 30-2-11, in an amount to be established at trial, but not less than $250,000.00.

**VI.**

**SECOND CAUSE OF ACTION**
**Products Liability Negligence**
**(Against All Defendants)**

41.      Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 40 above.

42.      Plaintiffs allege that Defendants were negligent in, among other things, failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in the installation, repair, replacement or provide future warranties and recall notices in a timely manner for the 2006 Ford Lincoln Zephyr.

43.      Plaintiffs further allege that Defendants were negligent in failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in

the installation, repair, or replacement of the following parts that Plaintiffs allege were manufactured by Ford:

      A.      Front sensor of the 2006 Ford Lincoln Zephyr, part number 6E5Z14B004A;

      B.      Side impact sensor, part number 9E5Z14B345A, which replaced 6E5Z14B345-AA;

      C.      Diagnostic module part number 7E5Z14B321DD, module airbag, and module 6H6Z54611D10AD;

      D.      Driver inflator, module part number 8HGZ54043B13AB; and

      E.      Left front side module airbag, 6H6Z54611D11AD.

44.     Plaintiffs allege that Defendants manufactured, designed, and installed defective airbags; airbag sensors; manufactured, designed, and installed defective electrical parts; manufactured, designed, and installed defective wiring; and manufactured, designed, and installed defective airbag modules, which caused the Tillack 2006 Ford Lincoln Zephyr airbags not to deploy, causing serious injuries to Elanore, resulting in special and general damages.  Safer alternatives were available and known to Defendants.

**V.**

**THIRD CAUSE OF ACTION**
**Strict Liability under Section 402**
**of the Restatement (Second) of Torts**
**(Against All Defendants)**

45.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 44 above.

46.     Plaintiffs allege that Defendants were strictly liable for the defective design, manufacture, and installation of the airbags; airbag sensor; electrical parts; wiring; airbag module; and airbag inflator of the 2006 Ford Lincoln Zephyr.

47.     Plaintiffs allege that Defendants failed to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; warn of recalls; represent; specify; and assist in the installation, service or repair of Plaintiffs' 2006 Ford Lincoln Zephyr.

48.     Plaintiffs allege Defendants are strictly liable for the damage and injuries sustained by Plaintiff Elanore Tillack, and both her special and general damages, set forth hereinabove and incorporated by this reference.

49.     Plaintiffs also allege that Defendants are strictly liable for Plaintiff Ed Tillack's loss of consortium claim, pursuant to *Utah Code Ann*. § 30-2-11.

50.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was defective at the time of its manufacturing; design; development; production; testing; inspection; assembly; sale; installation; and distribution; and failed to warn the Tillacks for over thirteen years of the ongoing problems with the airbags not deploying.

51.     Plaintiffs allege Defendants knew the product was defective, and the user would use this product and rely upon the airbags to deploy in the event of a motor vehicle crash.  The airbags failed to deploy on January 3, 2020.

## VI.

## FOURTH CAUSE OF ACTION
### Violation of Statute
### (Against All Defendants)

52.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 51 above.

53.     Plaintiffs allege that at all material times, Defendants had an obligation not to violate the law in the manufacturing; design; testing; production; assembly; research; installation; and inspection of the airbag parts and airbag, before putting the 2006 Ford Lincoln Zephyr in the string of commerce.

54.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was unreasonably dangerous in the way it was designed; the way it was manufactured; and Plaintiffs and other users were never warned of the defective and unreasonably dangerous product. Plaintiffs further allege that the design and manufacturing defect in the product made the 2006 Ford Lincoln Zephyr unreasonably dangerous, and the defect was present at the time it was manufactured; distributed; sold; and the design and manufacturing defect caused Plaintiff's injuries, in violation of *Utah Code Ann*. § 78B-6-701; 78B-6-702; and 78B-6-203.

55.     Plaintiff alleges that Defendants failed to comply with the various safety regulations, statutes, and *Utah Code Ann*. § 70A-2-313, Express Warranties; § 70A-2-314, Implied Warranties and Merchantability; and § 70A-2-315, Implied Warranty Fitness for a Particular Purpose.

56.     As a direct and proximate result of Defendants' violation of safety statutes, regulations, and Utah Code, Plaintiff Elanore Tillack suffered injuries and special and general damages set forth hereinabove and incorporated by this reference.

**VII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56 above.

58.     Plaintiffs allege that Defendants failed to warn that they had not properly manufactured, designed, installed, and assembled the various component parts, including the airbag; the front sensor; side impact sensor; head sensor; diagnostic module; module for the airbag; the driver inflator module in the 2006 Ford Lincoln Zephyrs; wiring; and electrical parts.

59.     Plaintiffs allege that Defendants knew or should have known of these various defects, and had approximately thirteen years to warn Plaintiffs of these defects, and failed to do so until sometime after Plaintiffs' motor vehicle crash on January 3, 2020.

60.     As a consequence of Defendants' failure to warn, the 2006 Ford Lincoln Zephyr was unreasonably dangerous and incapable of being made safe for the intended and ordinary use.  As a consequence, Plaintiff Elanore Tillack suffered injuries and special and general damages as set forth hereinabove and incorporated by this reference.

**VIII.**

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(Against All Defendants)**

61.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 60 above.

62.     Plaintiffs allege that Defendants expressly warranted that the 2006 Ford Lincoln Zephyr was free from product defect and unreasonable dangerous condition, and would operate as specified in its manual, advertisements, marketing, and representations made by the various employees of Ford and various service centers throughout Utah.

63.     Plaintiffs allege that Defendants violated *Utah Code Ann*. § 70-2-313, Express Warranties, that the front sensor; side impact sensor; head sensor; diagnostic module; module airbag; driver inflator module; electrical parts; severed wiring; and airbag module were free from defects, warranted to be in good working order, and would perform as warrantied.

64.     As a direct and proximate result of Defendants' breach of its express warranty, Plaintiff Elanore Tillack suffered injuries, and special and general damages set forth hereinabove, and incorporated herein by this reference.

**IX.**

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Warranty for a Particular Purpose**
**and Merchantability**
**(Against All Defendants)**

65.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 64 above.

66.     Plaintiffs allege that Defendants warranted that the 2006 Ford Lincoln Zephyr was, among other things, of merchantable quality, fit, safe, and in proper condition for the ordinary use in which the 2006 Ford Lincoln Zephyr was designed, manufactured, marketed, and demonstrated to perform.

67.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not of merchantable quality; rather, it was unfit, unsafe, and unusable for the purpose intended.  The condition of the 2006 Ford Lincoln Zephyr did not perform for the particular purpose it was designed and was a direct cause of Plaintiff Elanore Tillack's injuries and damaged claimed by Plaintiffs, and both special and general, incorporated by this reference.

68.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not fit for its particular use, it was also not of merchantable quality, in violation of *Utah Code Ann.* §§ 7A-2-314 and 315.

**X.**

**EIGHTH CAUSE OF ACTION**
**Negligent Misrepresentation**
**Against All Defendants**

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 above.

70.     Plaintiffs allege that Defendants, and each of them, falsely represented to Plaintiffs that the 2006 Ford Lincoln Zephyr was safe for use and operation on the highways and bi-ways in the State of Utah.

71.     Plaintiffs allege that the representations made by Defendants were, in fact, false.  The true facts were that the 2006 Ford Lincoln Zephyr had a design, manufacturing and installation and product defect, was defective at the time, it left the Ford manufacturing plant and it was in a unreasonably dangerous condition and had not been corrected in response to the numerous complaints over the thirteen years regarding the defective airbags; airbag sensors; defective electrical parts; defective wiring; and defective airbag module.

72.     Plaintiffs allege that given the force and the number of impacts to Plaintiffs' vehicle, the airbag should have deployed and minimized the extent of Plaintiff Elanore Tillack's injuries and damages sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For past, present, and future special damages for Plaintiff Elanore Tillack, including medical expenses; lost wages; impaired earning capacity; property damage;

consequential damages; and other out-of-pocket expenses in an amount to be established at trial.

2.      For past, present, and future general damages for Plaintiff Elanore Tillack, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an increased likelihood of re-injury or aggravation in an amount to be established at trial.

3.      For loss of consortium for Plaintiff Ed Tillack, pursuant to *Utah Code Ann*. § 30-2-11, in an amount to be established at trial.

4.      For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

DATED this 30th day of December, 2021

GEORGE T. WADDOUPS & ASSOCIATES


*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs


**PLAINTIFFS' ADDRESS:**

Elanore Tillack
Ed Tillack
P.O. Box 121
Manti, Utah  84642

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
michelle@waddoupslaw.com
Attorneys for Plaintiffs

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) **aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC**; and JOHN DOE CORPORATIONS 1-5, <br><br> Defendants. | **AMENDED COMPLAINT TIER III (More than $300,000.00)** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Number 210600084 <br><br> Judge Wallace A. Lee |

Plaintiffs complain of Defendants as follows:

## I.

## PARTIES, JURISDICTION, AND VENUE

1.      At all material times herein, Plaintiffs were residents of Sanpete County, State of Utah.  Plaintiffs purchased the Lincoln Zephyr from Bluff Street Auto Brokers (hereafter "Auto Brokers" or "Defendant.")  Auto Brokers was in the business of selling and servicing automobiles in Southern Utah, including St. George.

2.      At all material times herein, Defendant Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, was authorized to sale and service Ford and Lincoln Motor vehicles throughout the State of Utah, and serviced the area of Sanpete County.

3.      At all material times herein, Ford Motor Service Company was authorized to transact business in the State of Utah, and was doing so in maintaining and servicing Ford and Lincoln Motor vehicles throughout the State of Utah, including Sanpete County.  Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, and Ford Motor Service Company are hereafter collectively referred to as "Ford" or "Defendants."

4.      Defendants Takata Corporation, also known as Takata Protection Systems Inc.; Takata Kyushu Corporation; Takata Service Corporation, acquired in part by Key Safety Systems (KSS) **aka Joyson Safety Systems, aka Joyson Safety Systems Acquisitions, LLC**, collectively referred to as Takata, Ford, and**/or** Defendants, and John Doe Corporations 1-5 are other corporations of contractors; manufacturers; parts manufacturers; assemblers; installers of parts; sensors; and

2

electrical circuits that are not manufactured by Ford.  The names and identities of these companies will be added to the Complaint once their identities are known to Plaintiffs. Takata is collectively referred to in this Complaint under "Ford" or "Defendants."  Takata is authorized to provide airbags, component parts, and safety features found in Ford Lincoln vehicles, including the 2006 Lincoln Zephyr.

5.     This cause of action arose in Sanpete County, Manti, Utah, on January 3, 2020, when Plaintiff Elanore Tillack was involved in a serious car accident, where the airbags failed to deploy, thereby conferring jurisdiction and venue upon this Court.

II.

## STATEMENT OF FACTS

6.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 5 above.

7.     Ford has been in the business of manufacturing, selling, and servicing automobiles for over a century.

8.     In 2006, Ford manufactured the Lincoln Zephyr.

9.     In 2007, Plaintiffs purchased the 2006 Ford Lincoln Zephyr from Defendant Bluff Street Auto Brokers.

10.    Plaintiffs maintained the 2006 Ford Lincoln Zephyr as required throughout their years of their ownership.

11.    Unbeknownst to Plaintiffs, Ford and airbag manufacturer Takata, had been engaged in receiving complaints about airbags that did not deploy or exploded upon deployment, causing serious injuries.

12.     Unbeknownst to Plaintiffs, as these complaints continued to be reported, Ford took no action to remedy the situation.

13.     Eventually, approximately, 67 million airbags in 42 million vehicles were recalled in one of the largest recall efforts in United States history.

14.     Plaintiffs lived in a small community in Manti, Utah, and continued about their normal affairs over the next thirteen (13) years after purchasing their 2006 Ford Lincoln Zephyr.

15.     On January 3, 2020, Plaintiff was driving her 2006 Ford Lincoln Zephyr to the temple in Manti.

16.     Elanore Tillack was driving the vehicle with her grandson, Trey, in the passenger side of the back seat.

17.     Plaintiff drove east from her home, which was located on Keller Road, to the intersection with U.S. 89.

18.     The southbound side of U.S. 89 has a left turn lane to turn onto Keller Road, and two lanes for southbound traffic.

19.     As Plaintiff attempted to make a right-hand-turn into lane 2, a vehicle struck Plaintiff's driver's side quarter panel, traveling at approximately 70 m.p.h.

20.     The crash was so significant that it spun the Tillack vehicle around, which was struck by another vehicle.

21.     Emergency personnel were summoned to the scene.

22.     Plaintiff Elanore Tillack sustained serious injuries and was flown to Utah Valley Hospital in Utah County.

23.     Plaintiff Elanore Tillack sustained serious injuries to her head; brain injury; fractured clavicle; sternum fracture; left rib fracture; right rib fracture; collapsed lung; right radial wrist fracture; right sacral fracture; pubic rami fracture; left tibial fracture; hips; and soft tissue injuries to her body.

24.     Plaintiff spent substantial time rehabilitating from her injuries.

25.     At some point later in January of 2020, Plaintiff received a recall notice regarding an urgent safety recall.

26.     Once Plaintiff Elanore Tillack was well enough to look at the mail, she discovered that she had received an urgent airbag recall on the 2006 Ford Lincoln Zephyr that she was involved in with the crash.  It was the latter part of January when she discovered the urgent airbag recall.

27.     Prior to this particular airbag recall received in 2020, the Tillacks do not recall receiving any other notice or complication regarding the airbags in the 2006 Ford Lincoln Zephyr.

28.     After Plaintiff Elanore Tillack was well enough to go through the mail and observe the recall, they did an investigation to determine, by vin number, if their particular vehicle was part of the recall.  Upon checking the vin number of their 2006 Ford Lincoln Zephyr, it was, in fact, part of this largest airbag recall in U.S. history.

29.     Plaintiffs allege that Ford manufactured the airbag sensors; airbag modules; electrical parts; and wiring.

30.     Plaintiffs allege that Ford chose what sensors; electrical parts; wiring; modules; and Takata parts to install, assemble, manufacture the airbag and its

5

components and implied, expressed, represented, and warranted the Zephyr and its safety components, including the above and the Takata airbag.

31.     Plaintiffs allege that Ford knew there were safer components and airbags available in 2006, free from design and manufacturing defects, but chose to manufacture and install said sensors; modules; wiring; electrical parts; and Takata airbags that were defective in design or manufacture.

32.     Plaintiffs relied on Ford's and Defendants' representations, warranties, and guarantees, expressed and implied, that the 2006 Ford Lincoln Zephyr would perform as Plaintiffs use in their ordinary driving, and that the safety features, including the airbags and component parts, are fit for the ordinary purpose and would engage to protect Plaintiffs.

33.     Over the next thirteen years, Ford/Defendants received numerous complaints and warnings, and possessed knowledge that the airbags and components were defectively designed and manufactured, and could not protect Plaintiffs.  Ford failed to notify Plaintiffs of the recall until sometime after Elanore was injured.

III.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

34.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 33 above.

35.     After the Tillacks determined that they had received this urgent recall and discovered this recall in the latter part of January 2020, a vehicle inspection was

eventually set up with Ford's attorney.  Upon inspecting the vehicle, it was Plaintiff's position that she was hit with such force in two (2) different impacts, that the airbags should have deployed, which would have minimized her injuries.

36.     Plaintiffs allege that Defendants had a duty to make sure that the 2006 Ford Lincoln Zephyr was safe when it left the Ford manufacturing plant, and all of the components, including the sensors to the airbags; wiring; electrical circuits; air bag modules; diagnostic modules; and air bag inflator were properly manufactured, designed, and installed.

37.     Plaintiffs allege that Defendants breached their duty and were negligent in making sure the 2006 Ford Lincoln Zephyr was safe for Plaintiffs to operate.  On January 3, 2020, Plaintiffs' vehicle was violently struck by two vehicles and none of the airbags deployed, resulting in more serious injuries to Elanore.

38.     As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained injuries outlined above and incurred past, present, and future medical expenses in an amount not less than $245,000.00; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $300,000.00.

39.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiffs sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an

increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $1,000,000.00.

40.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff Ed Tillack asserts a claim for loss of consortium, given the serious nature of Plaintiff Elanore Tillack's injuries that had a substantial impact on their marital relationship.  Accordingly, Plaintiff Ed Tillack asserts a claim for loss of consortium pursuant to *Utah Code Ann*. § 30-2-11, in an amount to be established at trial, but not less than $250,000.00.

**VI.**

**SECOND CAUSE OF ACTION**
**Products Liability Negligence**
**(Against All Defendants)**

41.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 40 above.

42.     Plaintiffs allege that Defendants were negligent in, among other things, failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in the installation, repair, replacement or provide future warranties and recall notices in a timely manner for the 2006 Ford Lincoln Zephyr.

43.     Plaintiffs further allege that Defendants were negligent in failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in

the installation, repair, or replacement of the following parts that Plaintiffs allege were manufactured by Ford:

> A.     Front sensor of the 2006 Ford Lincoln Zephyr, part number 6E5Z14B004A;
>
> B.     Side impact sensor, part number 9E5Z14B345A, which replaced 6E5Z14B345-AA;
>
> C.     Diagnostic module part number 7E5Z14B321DD, module airbag, and module 6H6Z54611D10AD;
>
> D.     Driver inflator, module part number 8HGZ54043B13AB; and
>
> E.     Left front side module airbag, 6H6Z54611D11AD.

44.     Plaintiffs allege that Defendants manufactured, designed, and installed defective airbags; airbag sensors; manufactured, designed, and installed defective electrical parts; manufactured, designed, and installed defective wiring; and manufactured, designed, and installed defective airbag modules, which caused the Tillack 2006 Ford Lincoln Zephyr airbags not to deploy, causing serious injuries to Elanore, resulting in special and general damages.  Safer alternatives were available and known to Defendants.

**V.**

**THIRD CAUSE OF ACTION**
**Strict Liability under Section 402**
**of the Restatement (Second) of Torts**
**(Against All Defendants)**

45.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 44 above.

46.     Plaintiffs allege that Defendants were strictly liable for the defective design, manufacture, and installation of the airbags; airbag sensor; electrical parts; wiring; airbag module; and airbag inflator of the 2006 Ford Lincoln Zephyr.

47.     Plaintiffs allege that Defendants failed to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; warn of recalls; represent; specify; and assist in the installation, service or repair of Plaintiffs' 2006 Ford Lincoln Zephyr.

48.     Plaintiffs allege Defendants are strictly liable for the damage and injuries sustained by Plaintiff Elanore Tillack, and both her special and general damages, set forth hereinabove and incorporated by this reference.

49.     Plaintiffs also allege that Defendants are strictly liable for Plaintiff Ed Tillack's loss of consortium claim, pursuant to *Utah Code Ann*. § 30-2-11.

50.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was defective at the time of its manufacturing; design; development; production; testing; inspection; assembly; sale; installation; and distribution; and failed to warn the Tillacks for over thirteen years of the ongoing problems with the airbags not deploying.

51.     Plaintiffs allege Defendants knew the product was defective, and the user would use this product and rely upon the airbags to deploy in the event of a motor vehicle crash.  The airbags failed to deploy on January 3, 2020.

**VI.**

**FOURTH CAUSE OF ACTION**
**Violation of Statute**
**(Against All Defendants)**

52.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 51 above.

53.     Plaintiffs allege that at all material times, Defendants had an obligation not to violate the law in the manufacturing; design; testing; production; assembly; research; installation; and inspection of the airbag parts and airbag, before putting the 2006 Ford Lincoln Zephyr in the string of commerce.

54.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was unreasonably dangerous in the way it was designed; the way it was manufactured; and Plaintiffs and other users were never warned of the defective and unreasonably dangerous product. Plaintiffs further allege that the design and manufacturing defect in the product made the 2006 Ford Lincoln Zephyr unreasonably dangerous, and the defect was present at the time it was manufactured; distributed; sold; and the design and manufacturing defect caused Plaintiff's injuries, in violation of *Utah Code Ann*. § 78B-6-701; 78B-6-702; and 78B-6-203.

55.     Plaintiff alleges that Defendants failed to comply with the various safety regulations, statutes, and *Utah Code Ann*. § 70A-2-313, Express Warranties; § 70A-2-314, Implied Warranties and Merchantability; and § 70A-2-315, Implied Warranty Fitness for a Particular Purpose.

56.     As a direct and proximate result of Defendants' violation of safety statutes, regulations, and Utah Code, Plaintiff Elanore Tillack suffered injuries and special and general damages set forth hereinabove and incorporated by this reference.

**VII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56 above.

58.     Plaintiffs allege that Defendants failed to warn that they had not properly manufactured, designed, installed, and assembled the various component parts, including the airbag; the front sensor; side impact sensor; head sensor; diagnostic module; module for the airbag; the driver inflator module in the 2006 Ford Lincoln Zephyrs; wiring; and electrical parts.

59.     Plaintiffs allege that Defendants knew or should have known of these various defects, and had approximately thirteen years to warn Plaintiffs of these defects, and failed to do so until sometime after Plaintiffs' motor vehicle crash on January 3, 2020.

60.     As a consequence of Defendants' failure to warn, the 2006 Ford Lincoln Zephyr was unreasonably dangerous and incapable of being made safe for the intended and ordinary use.  As a consequence, Plaintiff Elanore Tillack suffered injuries and special and general damages as set forth hereinabove and incorporated by this reference.

VIII.

## SIXTH CAUSE OF ACTION
### Breach of Express Warranty
### (Against All Defendants)

61.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 60 above.

62.     Plaintiffs allege that Defendants expressly warranted that the 2006 Ford Lincoln Zephyr was free from product defect and unreasonable dangerous condition, and would operate as specified in its manual, advertisements, marketing, and representations made by the various employees of Ford and various service centers throughout Utah.

63.     Plaintiffs allege that Defendants violated *Utah Code Ann*. § 70-2-313, Express Warranties, that the front sensor; side impact sensor; head sensor; diagnostic module; module airbag; driver inflator module; electrical parts; severed wiring; and airbag module were free from defects, warranted to be in good working order, and would perform as warrantied.

64.     As a direct and proximate result of Defendants' breach of its express warranty, Plaintiff Elanore Tillack suffered injuries, and special and general damages set forth hereinabove, and incorporated herein by this reference.

IX.

### SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty for a Particular Purpose
### and Merchantability
### (Against All Defendants)

65.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 64 above.

66.     Plaintiffs allege that Defendants warranted that the 2006 Ford Lincoln Zephyr was, among other things, of merchantable quality, fit, safe, and in proper condition for the ordinary use in which the 2006 Ford Lincoln Zephyr was designed, manufactured, marketed, and demonstrated to perform.

67.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not of merchantable quality; rather, it was unfit, unsafe, and unusable for the purpose intended.  The condition of the 2006 Ford Lincoln Zephyr did not perform for the particular purpose it was designed and was a direct cause of Plaintiff Elanore Tillack's injuries and damaged claimed by Plaintiffs, and both special and general, incorporated by this reference.

68.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not fit for its particular use, it was also not of merchantable quality, in violation of *Utah Code Ann*. §§ 7A-2-314 and 315.

**X.**

**EIGHTH CAUSE OF ACTION**
**Negligent Misrepresentation**
**Against All Defendants**

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 above.

70.     Plaintiffs allege that Defendants, and each of them, falsely represented to Plaintiffs that the 2006 Ford Lincoln Zephyr was safe for use and operation on the highways and bi-ways in the State of Utah.

71.     Plaintiffs allege that the representations made by Defendants were, in fact, false.  The true facts were that the 2006 Ford Lincoln Zephyr had a design, manufacturing and installation and product defect, was defective at the time, it left the Ford manufacturing plant and it was in a unreasonably dangerous condition and had not been corrected in response to the numerous complaints over the thirteen years regarding the defective airbags; airbag sensors; defective electrical parts; defective wiring; and defective airbag module.

72.     Plaintiffs allege that given the force and the number of impacts to Plaintiffs' vehicle, the airbag should have deployed and minimized the extent of Plaintiff Elanore Tillack's injuries and damages sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For past, present, and future special damages for Plaintiff Elanore Tillack, including medical expenses; lost wages; impaired earning capacity; property damage;

consequential damages; and other out-of-pocket expenses in an amount to be established at trial.

     2.     For past, present, and future general damages for Plaintiff Elanore Tillack, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an increased likelihood of re-injury or aggravation in an amount to be established at trial.

     3.     For loss of consortium for Plaintiff Ed Tillack, pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial.

     4.     For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

     DATED this 15th day of March, 2022.

               GEORGE T. WADDOUPS & ASSOCIATES

               */s/ George T. Waddoups*
               George T. Waddoups
               Attorney for Plaintiffs

**PLAINTIFFS' ADDRESS:**

Elanore Tillack
Ed Tillack
P.O. Box 121
Manti, Utah  84642

 CT Corporation

**Service of Process Transmittal**
03/21/2022
CT Log Number 541264459

**TO:**     Chuck Morici
FORD MOTOR COMPANY
1 American Rd
Dearborn, MI 48126-2798

**RE:**     **Process Served in Utah**

**FOR:**    Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Elanore Tillack and Ed Tillack // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Sixth Judicial District Court, Sanpete County, Manti Department, UT<br>Case # 210600084 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2006 Ford Lincoln Zephyr |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/21/2022 at 16:47 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | George T. Waddoups<br>George T. Waddoups & Associates PLLC<br>623 East Fort Union Boulevard<br>Suite 108<br>Midvale, UT 84047<br>801-212-9992 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2022, Expected Purge Date:<br>03/27/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1108 E. South Union Avenue<br>Midvale, UT 84047<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah 84047
Telephone: (801) 212-9992
Facsimile (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs

SERVED
DATE: 3 6 1 2 2   TIME: 12:45 P
BY: LP   ID: KTA 10 1

---

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1-5, <br><br> Defendants. | **SUMMONS** <br><br><br><br><br><br><br><br><br><br> Civil Number 210600084 <br><br> Judge Wallace A. Lee |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**FORD MOTOR COMPANY**

**c/o Registered Agent CT Corporation System**

You are hereby summoned and required to file an answer in writing to the attached Amended Complaint with the Clerk of the above-entitled Court, and to serve upon or mail to George T. Waddoups & Associates PLLC, 623 East Fort Union Boulevard, Suite 108,  Midvale, Utah 84047, Plaintiffs' attorney, a copy of said answer within twenty-one (21) days after service of this Summons upon you.  If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the Court, 160 North Main Street, P.O. Box 219, Manti, Utah 84642, and a copy of which is hereto annexed and herewith served upon you.

DATED this 18ᵗʰ day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

/s/George T. Waddoups
Attorney for Plaintiffs

**Serve Defendant at:**

1108 East South Union Avenue
Midvale, Utah  84047

2

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah 84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
michelle@waddoupslaw.com
Attorneys for Plaintiffs

---

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| ELANORE TILLACK AND ED TILLACK, | **AMENDED COMPLAINT TIER III** |
| | **(More than $300,000.00)** |
| Plaintiffs, | |
| v. | |
| FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) **aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC**; and JOHN DOE CORPORATIONS 1-5, | Civil Number 210600084 |
| Defendants. | Judge Wallace A. Lee |

Plaintiffs complain of Defendants as follows:

I.

## PARTIES, JURISDICTION, AND VENUE

1.     At all material times herein, Plaintiffs were residents of Sanpete County,
State of Utah.  Plaintiffs purchased the Lincoln Zephyr from Bluff Street Auto Brokers
(hereafter "Auto Brokers" or "Defendant.")  Auto Brokers was in the business of selling
and servicing automobiles in Southern Utah, including St. George.

2.     At all material times herein, Defendant Ford Motor Company, a Delaware
Corporation, doing business as Lincoln Motor Company, was authorized to sale and
service Ford and Lincoln Motor vehicles throughout the State of Utah, and serviced the
area of Sanpete County.

3.     At all material times herein, Ford Motor Service Company was authorized
to transact business in the State of Utah, and was doing so in maintaining and servicing
Ford and Lincoln Motor vehicles throughout the State of Utah, including Sanpete
County.  Ford Motor Company, a Delaware Corporation, doing business as Lincoln
Motor Company, and Ford Motor Service Company are hereafter collectively referred to
as "Ford" or "Defendants."

4.     Defendants Takata Corporation, also known as Takata Protection
Systems Inc.; Takata Kyushu Corporation; Takata Service Corporation, acquired in part
by Key Safety Systems (KSS) **aka Joyson Safety Systems, aka Joyson Safety
Systems Acquisitions, LLC**, collectively referred to as Takata, Ford, and/**or**
Defendants, and John Doe Corporations 1-5 are other corporations of contractors;
manufacturers; parts manufacturers; assemblers; installers of parts; sensors; and

2

electrical circuits that are not manufactured by Ford.  The names and identities of these companies will be added to the Complaint once their identities are known to Plaintiffs. Takata is collectively referred to in this Complaint under "Ford" or "Defendants."  Takata is authorized to provide airbags, component parts, and safety features found in Ford Lincoln vehicles, including the 2006 Lincoln Zephyr.

5.     This cause of action arose in Sanpete County, Manti, Utah, on January 3, 2020, when Plaintiff Elanore Tillack was involved in a serious car accident, where the airbags failed to deploy, thereby conferring jurisdiction and venue upon this Court.

II.

**STATEMENT OF FACTS**

6.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 5 above.

7.     Ford has been in the business of manufacturing, selling, and servicing automobiles for over a century.

8.     In 2006, Ford manufactured the Lincoln Zephyr.

9.     In 2007, Plaintiffs purchased the 2006 Ford Lincoln Zephyr from Defendant Bluff Street Auto Brokers.

10.     Plaintiffs maintained the 2006 Ford Lincoln Zephyr as required throughout their years of their ownership.

11.     Unbeknownst to Plaintiffs, Ford and airbag manufacturer Takata, had been engaged in receiving complaints about airbags that did not deploy or exploded upon deployment, causing serious injuries.

3

12.     Unbeknownst to Plaintiffs, as these complaints continued to be reported, Ford took no action to remedy the situation.

13.     Eventually, approximately, 67 million airbags in 42 million vehicles were recalled in one of the largest recall efforts in United States history.

14.     Plaintiffs lived in a small community in Manti, Utah, and continued about their normal affairs over the next thirteen (13) years after purchasing their 2006 Ford Lincoln Zephyr.

15.     On January 3, 2020, Plaintiff was driving her 2006 Ford Lincoln Zephyr to the temple in Manti.

16.     Elanore Tillack was driving the vehicle with her grandson, Trey, in the passenger side of the back seat.

17.     Plaintiff drove east from her home, which was located on Keller Road, to the intersection with U.S. 89.

18.     The southbound side of U.S. 89 has a left turn lane to turn onto Keller Road, and two lanes for southbound traffic.

19.     As Plaintiff attempted to make a right-hand-turn into lane 2, a vehicle struck Plaintiff's driver's side quarter panel, traveling at approximately 70 m.p.h.

20.     The crash was so significant that it spun the Tillack vehicle around, which was struck by another vehicle.

21.     Emergency personnel were summoned to the scene.

22.     Plaintiff Elanore Tillack sustained serious injuries and was flown to Utah Valley Hospital in Utah County.

4

23.     Plaintiff Elanore Tillack sustained serious injuries to her head; brain injury; fractured clavicle; sternum fracture; left rib fracture; right rib fracture; collapsed lung; right radial wrist fracture; right sacral fracture; pubic rami fracture; left tibial fracture; hips; and soft tissue injuries to her body.

24.     Plaintiff spent substantial time rehabilitating from her injuries.

25.     At some point later in January of 2020, Plaintiff received a recall notice regarding an urgent safety recall.

26.     Once Plaintiff Elanore Tillack was well enough to look at the mail, she discovered that she had received an urgent airbag recall on the 2006 Ford Lincoln Zephyr that she was involved in with the crash.  It was the latter part of January when she discovered the urgent airbag recall.

27.     Prior to this particular airbag recall received in 2020, the Tillacks do not recall receiving any other notice or complication regarding the airbags in the 2006 Ford Lincoln Zephyr.

28.     After Plaintiff Elanore Tillack was well enough to go through the mail and observe the recall, they did an investigation to determine, by vin number, if their particular vehicle was part of the recall.  Upon checking the vin number of their 2006 Ford Lincoln Zephyr, it was, in fact, part of this largest airbag recall in U.S. history.

29.     Plaintiffs allege that Ford manufactured the airbag sensors; airbag modules; electrical parts; and wiring.

30.     Plaintiffs allege that Ford chose what sensors; electrical parts; wiring; modules; and Takata parts to install, assemble, manufacture the airbag and its

components and implied, expressed, represented, and warranted the Zephyr and its safety components, including the above and the Takata airbag.

31.     Plaintiffs allege that Ford knew there were safer components and airbags available in 2006, free from design and manufacturing defects, but chose to manufacture and install said sensors; modules; wiring; electrical parts; and Takata airbags that were defective in design or manufacture.

32.     Plaintiffs relied on Ford's and Defendants' representations, warranties, and guarantees, expressed and implied, that the 2006 Ford Lincoln Zephyr would perform as Plaintiffs use in their ordinary driving, and that the safety features, including the airbags and component parts, are fit for the ordinary purpose and would engage to protect Plaintiffs.

33.     Over the next thirteen years, Ford/Defendants received numerous complaints and warnings, and possessed knowledge that the airbags and components were defectively designed and manufactured, and could not protect Plaintiffs.  Ford failed to notify Plaintiffs of the recall until sometime after Elanore was injured.

III.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

34.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 33 above.

35.     After the Tillacks determined that they had received this urgent recall and discovered this recall in the latter part of January 2020, a vehicle inspection was

eventually set up with Ford's attorney. Upon inspecting the vehicle, it was Plaintiff's position that she was hit with such force in two (2) different impacts, that the airbags should have deployed, which would have minimized her injuries.

36.     Plaintiffs allege that Defendants had a duty to make sure that the 2006 Ford Lincoln Zephyr was safe when it left the Ford manufacturing plant, and all of the components, including the sensors to the airbags; wiring; electrical circuits; air bag modules; diagnostic modules; and air bag inflator were properly manufactured, designed, and installed.

37.     Plaintiffs allege that Defendants breached their duty and were negligent in making sure the 2006 Ford Lincoln Zephyr was safe for Plaintiffs to operate. On January 3, 2020, Plaintiffs' vehicle was violently struck by two vehicles and none of the airbags deployed, resulting in more serious injuries to Elanore.

38.     As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained injuries outlined above and incurred past, present, and future medical expenses in an amount not less than $245,000.00; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $300,000.00.

39.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiffs sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an

increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $1,000,000.00.

40.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff Ed Tillack asserts a claim for loss of consortium, given the serious nature of Plaintiff Elanore Tillack's injuries that had a substantial impact on their marital relationship.  Accordingly, Plaintiff Ed Tillack asserts a claim for loss of consortium pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial, but not less than $250,000.00.

## VI.

### SECOND CAUSE OF ACTION
### Products Liability Negligence
### (Against All Defendants)

41.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 40 above.

42.     Plaintiffs allege that Defendants were negligent in, among other things, failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in the installation, repair, replacement or provide future warranties and recall notices in a timely manner for the 2006 Ford Lincoln Zephyr.

43.     Plaintiffs further allege that Defendants were negligent in failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in

8

the installation, repair, or replacement of the following parts that Plaintiffs allege were manufactured by Ford:

    A.    Front sensor of the 2006 Ford Lincoln Zephyr, part number 6E5Z14B004A;

    B.    Side impact sensor, part number 9E5Z14B345A, which replaced 6E5Z14B345-AA;

    C.    Diagnostic module part number 7E5Z14B321DD, module airbag, and module 6H6Z54611D10AD;

    D.    Driver inflator, module part number 8HGZ54043B13AB; and

    E.    Left front side module airbag, 6H6Z54611D11AD.

44.    Plaintiffs allege that Defendants manufactured, designed, and installed defective airbags; airbag sensors; manufactured, designed, and installed defective electrical parts; manufactured, designed, and installed defective wiring; and manufactured, designed, and installed defective airbag modules, which caused the Tillack 2006 Ford Lincoln Zephyr airbags not to deploy, causing serious injuries to Elanore, resulting in special and general damages. Safer alternatives were available and known to Defendants.

## V.

### THIRD CAUSE OF ACTION
### Strict Liability under Section 402
### of the Restatement (Second) of Torts
### (Against All Defendants)

45.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 44 above.

9

46.     Plaintiffs allege that Defendants were strictly liable for the defective design, manufacture, and installation of the airbags; airbag sensor; electrical parts; wiring; airbag module; and airbag inflator of the 2006 Ford Lincoln Zephyr.

47.     Plaintiffs allege that Defendants failed to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; warn of recalls; represent; specify; and assist in the installation, service or repair of Plaintiffs' 2006 Ford Lincoln Zephyr.

48.     Plaintiffs allege Defendants are strictly liable for the damage and injuries sustained by Plaintiff Elanore Tillack, and both her special and general damages, set forth hereinabove and incorporated by this reference.

49.     Plaintiffs also allege that Defendants are strictly liable for Plaintiff Ed Tillack's loss of consortium claim, pursuant to *Utah Code Ann.* § 30-2-11.

50.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was defective at the time of its manufacturing; design; development; production; testing; inspection; assembly; sale; installation; and distribution; and failed to warn the Tillacks for over thirteen years of the ongoing problems with the airbags not deploying.

51.     Plaintiffs allege Defendants knew the product was defective, and the user would use this product and rely upon the airbags to deploy in the event of a motor vehicle crash.  The airbags failed to deploy on January 3, 2020.

## VI.

### FOURTH CAUSE OF ACTION
### Violation of Statute
### (Against All Defendants)

52.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 51 above.

53.     Plaintiffs allege that at all material times, Defendants had an obligation not to violate the law in the manufacturing; design; testing; production; assembly; research; installation; and inspection of the airbag parts and airbag, before putting the 2006 Ford Lincoln Zephyr in the string of commerce.

54.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was unreasonably dangerous in the way it was designed; the way it was manufactured; and Plaintiffs and other users were never warned of the defective and unreasonably dangerous product. Plaintiffs further allege that the design and manufacturing defect in the product made the 2006 Ford Lincoln Zephyr unreasonably dangerous, and the defect was present at the time it was manufactured; distributed; sold; and the design and manufacturing defect caused Plaintiff's injuries, in violation of *Utah Code Ann.* § 78B-6-701; 78B-6-702; and 78B-6-203.

55.     Plaintiff alleges that Defendants failed to comply with the various safety regulations, statutes, and *Utah Code Ann.* § 70A-2-313, Express Warranties; § 70A-2-314, Implied Warranties and Merchantability; and § 70A-2-315, Implied Warranty Fitness for a Particular Purpose.

11

56.     As a direct and proximate result of Defendants' violation of safety statutes, regulations, and Utah Code, Plaintiff Elanore Tillack suffered injuries and special and general damages set forth hereinabove and incorporated by this reference.

**VII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56 above.

58.     Plaintiffs allege that Defendants failed to warn that they had not properly manufactured, designed, installed, and assembled the various component parts, including the airbag; the front sensor; side impact sensor; head sensor; diagnostic module; module for the airbag; the driver inflator module in the 2006 Ford Lincoln Zephyrs; wiring; and electrical parts.

59.     Plaintiffs allege that Defendants knew or should have known of these various defects, and had approximately thirteen years to warn Plaintiffs of these defects, and failed to do so until sometime after Plaintiffs' motor vehicle crash on January 3, 2020.

60.     As a consequence of Defendants' failure to warn, the 2006 Ford Lincoln Zephyr was unreasonably dangerous and incapable of being made safe for the intended and ordinary use.  As a consequence, Plaintiff Elanore Tillack suffered injuries and special and general damages as set forth hereinabove and incorporated by this reference.

## VIII.

### SIXTH CAUSE OF ACTION
### Breach of Express Warranty
### (Against All Defendants)

61.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 60 above.

62.     Plaintiffs allege that Defendants expressly warranted that the 2006 Ford Lincoln Zephyr was free from product defect and unreasonable dangerous condition, and would operate as specified in its manual, advertisements, marketing, and representations made by the various employees of Ford and various service centers throughout Utah.

63.     Plaintiffs allege that Defendants violated *Utah Code Ann.* § 70-2-313, Express Warranties; that the front sensor; side impact sensor; head sensor; diagnostic module; module airbag; driver inflator module; electrical parts; severed wiring; and airbag module were free from defects, warranted to be in good working order, and would perform as warrantied.

64.     As a direct and proximate result of Defendants' breach of its express warranty, Plaintiff Elanore Tillack suffered injuries, and special and general damages set forth hereinabove, and incorporated herein by this reference.

13

## IX.

### SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty for a Particular Purpose
### and Merchantability
### (Against All Defendants)

65.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 64 above.

66.     Plaintiffs allege that Defendants warranted that the 2006 Ford Lincoln Zephyr was, among other things, of merchantable quality, fit, safe, and in proper condition for the ordinary use in which the 2006 Ford Lincoln Zephyr was designed, manufactured, marketed, and demonstrated to perform.

67.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not of merchantable quality; rather, it was unfit, unsafe, and unusable for the purpose intended.  The condition of the 2006 Ford Lincoln Zephyr did not perform for the particular purpose it was designed and was a direct cause of Plaintiff Elanore Tillack's injuries and damaged claimed by Plaintiffs, and both special and general, incorporated by this reference.

68.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not fit for its particular use, it was also not of merchantable quality, in violation of *Utah Code Ann.* §§ 7A-2-314 and 315.

14

## X.

### EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation
### Against All Defendants

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 above.

70.     Plaintiffs allege that Defendants, and each of them, falsely represented to Plaintiffs that the 2006 Ford Lincoln Zephyr was safe for use and operation on the highways and bi-ways in the State of Utah.

71.     Plaintiffs allege that the representations made by Defendants were, in fact, false.  The true facts were that the 2006 Ford Lincoln Zephyr had a design, manufacturing and installation and product defect, was defective at the time, it left the Ford manufacturing plant and it was in a unreasonably dangerous condition and had not been corrected in response to the numerous complaints over the thirteen years regarding the defective airbags; airbag sensors; defective electrical parts; defective wiring; and defective airbag module.

72.     Plaintiffs allege that given the force and the number of impacts to Plaintiffs' vehicle, the airbag should have deployed and minimized the extent of Plaintiff Elanore Tillack's injuries and damages sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For past, present, and future special damages for Plaintiff Elanore Tillack, including medical expenses; lost wages; impaired earning capacity; property damage;

consequential damages; and other out-of-pocket expenses in an amount to be established at trial.

2. For past, present, and future general damages for Plaintiff Elanore Tillack, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an increased likelihood of re-injury or aggravation in an amount to be established at trial.

3. For loss of consortium for Plaintiff Ed Tillack, pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial.

4. For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

DATED this 15ᵗʰ day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES

*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs

**PLAINTIFFS' ADDRESS:**

Elanore Tillack
Ed Tillack
P.O. Box 121
Manti, Utah  84642

 **CT Corporation**

**Service of Process Transmittal**
03/21/2022
CT Log Number 541268735

**TO:** Mary Ann MacKinnon
FORD MOTOR COMPANY
1 American Rd
Dearborn, MI 48126-2798

**RE:** **Process Served in Utah**

**FOR:** Ford Motor Service Company  (Domestic State: MI)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Elanore Tillack and Ed Tillack // To: Ford Motor Service Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Sixth Judicial District Court, Sanpete County, Manti Department, UT<br>Case # 210600084 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2006 Lincoln Zephyr |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/21/2022 at 16:47 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | George T. Waddoyps<br>George T. Waddoups & Associates PLLC<br>623 East Fort Union Boulevard<br>Suite 108<br>Midvale, UT 84047<br>801-212-9992 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2022, Expected Purge Date: 03/27/2022<br><br>Image SOP<br><br>Email Notification,  Mary Ann MacKinnon  mmackin1@ford.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1108 E. South Union Avenue<br>Midvale, UT 84047<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs


SERVED
DATE: _____ TIME: _____
BY: _____ ID: _____

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1-5, <br><br> Defendants. | **SUMMONS** <br><br><br><br><br><br><br><br><br><br><br><br> Civil Number 210600084 <br><br> Judge Wallace A. Lee |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**FORD MOTOR SERVICE COMPANY**

**c/o Registered Agent CT Corporation System**

You are hereby summoned and required to file an answer in writing to the attached Amended Complaint with the Clerk of the above-entitled Court, and to serve upon or mail to George T. Waddoups & Associates PLLC, 623 East Fort Union Boulevard, Suite 108,  Midvale, Utah 84047, Plaintiffs' attorney, a copy of said answer within twenty-one (21) days after service of this Summons upon you.  If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the Court, 160 North Main Street, P.O. Box 219, Manti, Utah 84642, and a copy of which is hereto annexed and herewith served upon you.

DATED this 18ᵗʰ day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

/s/George T. Waddoups
Attorney for Plaintiffs

**Serve Defendant at:**

1108 East South Union Avenue
Midvale, Utah  84047

2

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
michelle@waddoupslaw.com
Attorneys for Plaintiffs

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) **aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC**; and JOHN DOE CORPORATIONS 1-5,<br><br>Defendants. | **AMENDED COMPLAINT TIER III (More than $300,000.00)**<br><br><br><br><br><br><br><br><br><br><br><br>Civil Number 210600084<br><br>Judge Wallace A. Lee |

Plaintiffs complain of Defendants as follows:

# I.

## **PARTIES, JURISDICTION, AND VENUE**

1.      At all material times herein, Plaintiffs were residents of Sanpete County, State of Utah.  Plaintiffs purchased the Lincoln Zephyr from Bluff Street Auto Brokers (hereafter "Auto Brokers" or "Defendant.")  Auto Brokers was in the business of selling and servicing automobiles in Southern Utah, including St. George.

2.      At all material times herein, Defendant Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, was authorized to sale and service Ford and Lincoln Motor vehicles throughout the State of Utah, and serviced the area of Sanpete County.

3.      At all material times herein, Ford Motor Service Company was authorized to transact business in the State of Utah, and was doing so in maintaining and servicing Ford and Lincoln Motor vehicles throughout the State of Utah, including Sanpete County.  Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, and Ford Motor Service Company are hereafter collectively referred to as "Ford" or "Defendants."

4.      Defendants Takata Corporation, also known as Takata Protection Systems Inc.; Takata Kyushu Corporation; Takata Service Corporation, acquired in part by Key Safety Systems (KSS) **aka Joyson Safety Systems, aka Joyson Safety Systems Acquisitions, LLC**, collectively referred to as Takata, Ford, and**/or** Defendants, and John Doe Corporations 1-5 are other corporations of contractors; manufacturers; parts manufacturers; assemblers; installers of parts; sensors; and

2

electrical circuits that are not manufactured by Ford.  The names and identities of these companies will be added to the Complaint once their identities are known to Plaintiffs. Takata is collectively referred to in this Complaint under "Ford" or "Defendants."  Takata is authorized to provide airbags, component parts, and safety features found in Ford Lincoln vehicles, including the 2006 Lincoln Zephyr.

   5. This cause of action arose in Sanpete County, Manti, Utah, on January 3, 2020, when Plaintiff Elanore Tillack was involved in a serious car accident, where the airbags failed to deploy, thereby conferring jurisdiction and venue upon this Court.

II.

**STATEMENT OF FACTS**

   6. Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 5 above.

   7. Ford has been in the business of manufacturing, selling, and servicing automobiles for over a century.

   8. In 2006, Ford manufactured the Lincoln Zephyr.

   9. In 2007, Plaintiffs purchased the 2006 Ford Lincoln Zephyr from Defendant Bluff Street Auto Brokers.

   10. Plaintiffs maintained the 2006 Ford Lincoln Zephyr as required throughout their years of their ownership.

   11. Unbeknownst to Plaintiffs, Ford and airbag manufacturer Takata, had been engaged in receiving complaints about airbags that did not deploy or exploded upon deployment, causing serious injuries.

3

12.     Unbeknownst to Plaintiffs, as these complaints continued to be reported, Ford took no action to remedy the situation.

13.     Eventually, approximately, 67 million airbags in 42 million vehicles were recalled in one of the largest recall efforts in United States history.

14.     Plaintiffs lived in a small community in Manti, Utah, and continued about their normal affairs over the next thirteen (13) years after purchasing their 2006 Ford Lincoln Zephyr.

15.     On January 3, 2020, Plaintiff was driving her 2006 Ford Lincoln Zephyr to the temple in Manti.

16.     Elanore Tillack was driving the vehicle with her grandson, Trey, in the passenger side of the back seat.

17.     Plaintiff drove east from her home, which was located on Keller Road, to the intersection with U.S. 89.

18.     The southbound side of U.S. 89 has a left turn lane to turn onto Keller Road, and two lanes for southbound traffic.

19.     As Plaintiff attempted to make a right-hand-turn into lane 2, a vehicle struck Plaintiff's driver's side quarter panel, traveling at approximately 70 m.p.h.

20.     The crash was so significant that it spun the Tillack vehicle around, which was struck by another vehicle.

21.     Emergency personnel were summoned to the scene.

22.     Plaintiff Elanore Tillack sustained serious injuries and was flown to Utah Valley Hospital in Utah County.

23.     Plaintiff Elanore Tillack sustained serious injuries to her head; brain injury; fractured clavicle; sternum fracture; left rib fracture; right rib fracture; collapsed lung; right radial wrist fracture; right sacral fracture; pubic rami fracture; left tibial fracture; hips; and soft.tissue injuries to her body.

24.     Plaintiff spent substantial time rehabilitating from her injuries.

25.     At some point later in January of 2020, Plaintiff received a recall notice regarding an urgent safety recall.

26.     Once Plaintiff Elanore Tillack was well enough to look at the mail, she discovered that she had received an urgent airbag recall on the 2006 Ford Lincoln Zephyr that she was involved in with the crash.  It was the latter part of January when she discovered the urgent airbag recall.

27.     Prior to this particular airbag recall received in 2020, the Tillacks do not recall receiving any other notice or complication regarding the airbags in the 2006 Ford Lincoln Zephyr.

28.     After Plaintiff Elanore Tillack was well enough to go through the mail and observe the recall, they did an investigation to determine, by vin number, if their particular vehicle was part of the recall.  Upon checking the vin number of their 2006 Ford Lincoln Zephyr, it was, in fact, part of this largest airbag recall in U.S. history.

29.     Plaintiffs allege that Ford manufactured the airbag sensors; airbag modules; electrical parts; and wiring.

30.     Plaintiffs allege that Ford chose what sensors; electrical parts; wiring; modules; and Takata parts to install, assemble, manufacture the airbag and its

5

components and implied, expressed, represented, and warranted the Zephyr and its safety components, including the above and the Takata airbag.

31.     Plaintiffs allege that Ford knew there were safer components and airbags available in 2006, free from design and manufacturing defects, but chose to manufacture and install said sensors; modules; wiring; electrical parts; and Takata airbags that were defective in design or manufacture.

32.     Plaintiffs relied on Ford's and Defendants' representations, warranties, and guarantees, expressed and implied, that the 2006 Ford Lincoln Zephyr would perform as Plaintiffs use in their ordinary driving, and that the safety features, including the airbags and component parts, are fit for the ordinary purpose and would engage to protect Plaintiffs.

33.     Over the next thirteen years, Ford/Defendants received numerous complaints and warnings, and possessed knowledge that the airbags and components were defectively designed and manufactured, and could not protect Plaintiffs.  Ford failed to notify Plaintiffs of the recall until sometime after Elanore was injured.

### III.

### FIRST CAUSE OF ACTION
### Negligence
### (Against All Defendants)

34.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 33 above.

35.     After the Tillacks determined that they had received this urgent recall and discovered this recall in the latter part of January 2020, a vehicle inspection was

6

eventually set up with Ford's attorney. Upon inspecting the vehicle, it was Plaintiff's position that she was hit with such force in two (2) different impacts, that the airbags should have deployed, which would have minimized her injuries.

36.     Plaintiffs allege that Defendants had a duty to make sure that the 2006 Ford Lincoln Zephyr was safe when it left the Ford manufacturing plant, and all of the components, including the sensors to the airbags; wiring; electrical circuits; air bag modules; diagnostic modules; and air bag inflator were properly manufactured, designed, and installed.

37.     Plaintiffs allege that Defendants breached their duty and were negligent in making sure the 2006 Ford Lincoln Zephyr was safe for Plaintiffs to operate. On January 3, 2020, Plaintiffs' vehicle was violently struck by two vehicles and none of the airbags deployed, resulting in more serious injuries to Elanore.

38.     As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained injuries outlined above and incurred past, present, and future medical expenses in an amount not less than $245,000.00; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $300,000.00.

39.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiffs sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an

7

increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $1,000,000.00.

40.　As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff Ed Tillack asserts a claim for loss of consortium, given the serious nature of Plaintiff Elanore Tillack's injuries that had a substantial impact on their marital relationship.  Accordingly, Plaintiff Ed Tillack asserts a claim for loss of consortium pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial, but not less than $250,000.00.

**VI.**

**SECOND CAUSE OF ACTION**
**Products Liability Negligence**
**(Against All Defendants)**

41.　Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 40 above.

42.　Plaintiffs allege that Defendants were negligent in, among other things, failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in the installation, repair, replacement or provide future warranties and recall notices in a timely manner for the 2006 Ford Lincoln Zephyr.

43.　Plaintiffs further allege that Defendants were negligent in failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in

8

the installation, repair, or replacement of the following parts that Plaintiffs allege were manufactured by Ford:

     A.    Front sensor of the 2006 Ford Lincoln Zephyr, part number 6E5Z14B004A;

     B.    Side impact sensor, part number 9E5Z14B345A, which replaced 6E5Z14B345-AA;

     C.    Diagnostic module part number 7E5Z14B321DD, module airbag, and module 6H6Z54611D10AD;

     D.    Driver inflator, module part number 8HGZ54043B13AB; and

     E.    Left front side module airbag, 6H6Z54611D11AD.

44.    Plaintiffs allege that Defendants manufactured, designed, and installed defective airbags; airbag sensors; manufactured, designed, and installed defective electrical parts; manufactured, designed, and installed defective wiring; and manufactured, designed, and installed defective airbag modules, which caused the Tillack 2006 Ford Lincoln Zephyr airbags not to deploy, causing serious injuries to Elanore, resulting in special and general damages.  Safer alternatives were available and known to Defendants.

**V.**

**THIRD CAUSE OF ACTION**
**Strict Liability under Section 402**
**of the Restatement (Second) of Torts**
**(Against All Defendants)**

45.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 44 above.

46.     Plaintiffs allege that Defendants were strictly liable for the defective design, manufacture, and installation of the airbags; airbag sensor; electrical parts; wiring; airbag module; and airbag inflator of the 2006 Ford Lincoln Zephyr.

47.     Plaintiffs allege that Defendants failed to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; warn of recalls; represent; specify; and assist in the installation, service or repair of Plaintiffs' 2006 Ford Lincoln Zephyr.

48.     Plaintiffs allege Defendants are strictly liable for the damage and injuries sustained by Plaintiff Elanore Tillack, and both her special and general damages, set forth hereinabove and incorporated by this reference.

49.     Plaintiffs also allege that Defendants are strictly liable for Plaintiff Ed Tillack's loss of consortium claim, pursuant to *Utah Code Ann.* § 30-2-11.

50.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was defective at the time of its manufacturing; design; development; production; testing; inspection; assembly; sale; installation; and distribution; and failed to warn the Tillacks for over thirteen years of the ongoing problems with the airbags not deploying.

51.     Plaintiffs allege Defendants knew the product was defective, and the user would use this product and rely upon the airbags to deploy in the event of a motor vehicle crash.  The airbags failed to deploy on January 3, 2020.

## VI.

### FOURTH CAUSE OF ACTION
### Violation of Statute
### (Against All Defendants)

52.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 51 above.

53.     Plaintiffs allege that at all material times, Defendants had an obligation not to violate the law in the manufacturing; design; testing; production; assembly; research; installation; and inspection of the airbag parts and airbag, before putting the 2006 Ford Lincoln Zephyr in the string of commerce.

54.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was unreasonably dangerous in the way it was designed; the way it was manufactured; and Plaintiffs and other users were never warned of the defective and unreasonably dangerous product. Plaintiffs further allege that the design and manufacturing defect in the product made the 2006 Ford Lincoln Zephyr unreasonably dangerous, and the defect was present at the time it was manufactured; distributed; sold; and the design and manufacturing defect caused Plaintiff's injuries, in violation of *Utah Code Ann.* § 78B-6-701; 78B-6-702; and 78B-6-203.

55.     Plaintiff alleges that Defendants failed to comply with the various safety regulations, statutes, and *Utah Code Ann.* § 70A-2-313, Express Warranties; § 70A-2-314, Implied Warranties and Merchantability; and § 70A-2-315, Implied Warranty Fitness for a Particular Purpose.

11

56.     As a direct and proximate result of Defendants' violation of safety statutes, regulations, and Utah Code, Plaintiff Elanore Tillack suffered injuries and special and general damages set forth hereinabove and incorporated by this reference.

**VII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56 above.

58.     Plaintiffs allege that Defendants failed to warn that they had not properly manufactured, designed, installed, and assembled the various component parts, including the airbag; the front sensor; side impact sensor; head sensor; diagnostic module; module for the airbag; the driver inflator module in the 2006 Ford Lincoln Zephyrs; wiring; and electrical parts.

59.     Plaintiffs allege that Defendants knew or should have known of these various defects, and had approximately thirteen years to warn Plaintiffs of these defects, and failed to do so until sometime after Plaintiffs' motor vehicle crash on January 3, 2020.

60.     As a consequence of Defendants' failure to warn, the 2006 Ford Lincoln Zephyr was unreasonably dangerous and incapable of being made safe for the intended and ordinary use.  As a consequence, Plaintiff Elanore Tillack suffered injuries and special and general damages as set forth hereinabove and incorporated by this reference.

**VIII.**

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(Against All Defendants)**

61.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 60 above.

62.     Plaintiffs allege that Defendants expressly warranted that the 2006 Ford Lincoln Zephyr was free from product defect and unreasonable dangerous condition, and would operate as specified in its manual, advertisements, marketing, and representations made by the various employees of Ford and various service centers throughout Utah.

63.     Plaintiffs allege that Defendants violated *Utah Code Ann.* § 70-2-313, Express Warranties, that the front sensor; side impact sensor; head sensor; diagnostic module; module airbag; driver inflator module; electrical parts; severed wiring; and airbag module were free from defects, warranted to be in good working order, and would perform as warrantied.

64.     As a direct and proximate result of Defendants' breach of its express warranty, Plaintiff Elanore Tillack suffered injuries, and special and general damages set forth hereinabove, and incorporated herein by this reference.

13

## IX.

## SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty for a Particular Purpose
### and Merchantability
### (Against All Defendants)

65.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 64 above.

66.     Plaintiffs allege that Defendants warranted that the 2006 Ford Lincoln Zephyr was, among other things, of merchantable quality, fit, safe, and in proper condition for the ordinary use in which the 2006 Ford Lincoln Zephyr was designed, manufactured, marketed, and demonstrated to perform.

67.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not of merchantable quality; rather, it was unfit, unsafe, and unusable for the purpose intended.  The condition of the 2006 Ford Lincoln Zephyr did not perform for the particular purpose it was designed and was a direct cause of Plaintiff Elanore Tillack's injuries and damaged claimed by Plaintiffs, and both special and general, incorporated by this reference.

68.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not fit for its particular use, it was also not of merchantable quality, in violation of *Utah Code Ann.* §§ 7A-2-314 and 315.

14

## X.

### EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation
### Against All Defendants

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 above.

70.     Plaintiffs allege that Defendants, and each of them, falsely represented to Plaintiffs that the 2006 Ford Lincoln Zephyr was safe for use and operation on the highways and bi-ways in the State of Utah.

71.     Plaintiffs allege that the representations made by Defendants were, in fact, false.  The true facts were that the 2006 Ford Lincoln Zephyr had a design, manufacturing and installation and product defect, was defective at the time, it left the Ford manufacturing plant and it was in a unreasonably dangerous condition and had not been corrected in response to the numerous complaints over the thirteen years regarding the defective airbags; airbag sensors; defective electrical parts; defective wiring; and defective airbag module.

72.     Plaintiffs allege that given the force and the number of impacts to Plaintiffs' vehicle, the airbag should have deployed and minimized the extent of Plaintiff Elanore Tillack's injuries and damages sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For past, present, and future special damages for Plaintiff Elanore Tillack, including medical expenses; lost wages; impaired earning capacity; property damage;

consequential damages; and other out-of-pocket expenses in an amount to be established at trial.

2.      For past, present, and future general damages for Plaintiff Elanore Tillack, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an increased likelihood of re-injury or aggravation in an amount to be established at trial.

3.      For loss of consortium for Plaintiff Ed Tillack, pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial.

4.      For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

DATED this 15th day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES


*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs


**PLAINTIFFS' ADDRESS:**

Elanore Tillack
Ed Tillack
P.O. Box 121
Manti, Utah  84642

 **CT** Corporation

**Service of Process Transmittal**
03/21/2022
CT Log Number 541270742

**TO:** Chuck Morici
FORD MOTOR COMPANY
1 American Rd
Dearborn, MI 48126-2798

**RE:** **Process Served in Utah**

**FOR:** Lincoln Motor Company  (Assumed Name)  (Domestic State: DE)
Ford Motor Company (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Elanore Tillack and Ed Tillack // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Sixth Judicial District Court, Sanpete County, Manti Department, UT<br>Case # 210600084 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - 2006 Ford Lincoln Zephyr |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Midvale, UT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/21/2022 at 16:47 |
| **JURISDICTION SERVED :** | Utah |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service |
| **ATTORNEY(S) / SENDER(S):** | George T. Waddoups<br>George T. Waddoups & Associates PLLC<br>623 East Fort Union Boulevard<br>Suite 108<br>Midvale, UT 84047<br>801-212-9992 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2022, Expected Purge Date: 03/27/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1108 E. South Union Avenue<br>Midvale, UT 84047<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah 84047
Telephone: (801) 212-9992
Facsimile (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs

SERVED
DATE: 3/21/22   TIME: 12:45 pm
BY: LR   ID: R12101

---

## IN THE SIXTH JUDICIAL DISTRICT COURT,

### IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, | **SUMMONS** |
| Plaintiffs, | |
| v. | |
| FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1-5, | Civil Number 210600084 Judge Wallace A. Lee |
| Defendants. | |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

### LINCOLN MOTOR COMPANY

**c/o Registered Agent CT Corporation System**

You are hereby summoned and required to file an answer in writing to the attached Amended Complaint with the Clerk of the above-entitled Court, and to serve upon or mail to George T. Waddoups & Associates PLLC, 623 East Fort Union Boulevard, Suite 108,  Midvale, Utah 84047, Plaintiffs' attorney, a copy of said answer within twenty-one (21) days after service of this Summons upon you.  If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the Court, 160 North Main Street, P.O. Box 219, Manti, Utah 84642, and a copy of which is hereto annexed and herewith served upon you.

DATED this 18th day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

/s/George T. Waddoups
Attorney for Plaintiffs

**Serve Defendant at:**

1108 East South Union Avenue
Midvale, Utah  84047

2

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah 84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
michelle@waddoupslaw.com
Attorneys for Plaintiffs

## IN THE SIXTH JUDICIAL DISTRICT COURT,

## IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) **aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC**; and JOHN DOE CORPORATIONS 1-5,<br><br>Defendants. | **AMENDED COMPLAINT TIER III**<br>**(More than $300,000.00)**<br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Number 210600084<br><br>Judge Wallace A. Lee |

Plaintiffs complain of Defendants as follows:

I.

## PARTIES, JURISDICTION, AND VENUE

1.     At all material times herein, Plaintiffs were residents of Sanpete County, State of Utah.  Plaintiffs purchased the Lincoln Zephyr from Bluff Street Auto Brokers (hereafter "Auto Brokers" or "Defendant.")  Auto Brokers was in the business of selling and servicing automobiles in Southern Utah, including St. George.

2.     At all material times herein, Defendant Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, was authorized to sale and service Ford and Lincoln Motor vehicles throughout the State of Utah, and serviced the area of Sanpete County.

3.     At all material times herein, Ford Motor Service Company was authorized to transact business in the State of Utah, and was doing so in maintaining and servicing Ford and Lincoln Motor vehicles throughout the State of Utah, including Sanpete County.  Ford Motor Company, a Delaware Corporation, doing business as Lincoln Motor Company, and Ford Motor Service Company are hereafter collectively referred to as "Ford" or "Defendants."

4.     Defendants Takata Corporation, also known as Takata Protection Systems Inc.; Takata Kyushu Corporation; Takata Service Corporation, acquired in part by Key Safety Systems (KSS) **aka Joyson Safety Systems, aka Joyson Safety Systems Acquisitions, LLC**, collectively referred to as Takata, Ford, and/**or** Defendants, and John Doe Corporations 1-5 are other corporations of contractors; manufacturers; parts manufacturers; assemblers; installers of parts; sensors; and

2

electrical circuits that are not manufactured by Ford. The names and identities of these companies will be added to the Complaint once their identities are known to Plaintiffs. Takata is collectively referred to in this Complaint under "Ford" or "Defendants." Takata is authorized to provide airbags, component parts, and safety features found in Ford Lincoln vehicles, including the 2006 Lincoln Zephyr.

     5.    This cause of action arose in Sanpete County, Manti, Utah, on January 3, 2020, when Plaintiff Elanore Tillack was involved in a serious car accident, where the airbags failed to deploy, thereby conferring jurisdiction and venue upon this Court.

II.

## STATEMENT OF FACTS

     6.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 5 above.

     7.    Ford has been in the business of manufacturing, selling, and servicing automobiles for over a century.

     8.    In 2006, Ford manufactured the Lincoln Zephyr.

     9.    In 2007, Plaintiffs purchased the 2006 Ford Lincoln Zephyr from Defendant Bluff Street Auto Brokers.

     10.    Plaintiffs maintained the 2006 Ford Lincoln Zephyr as required throughout their years of their ownership.

     11.    Unbeknownst to Plaintiffs, Ford and airbag manufacturer Takata, had been engaged in receiving complaints about airbags that did not deploy or exploded upon deployment, causing serious injuries.

3

12.     Unbeknownst to Plaintiffs, as these complaints continued to be reported, Ford took no action to remedy the situation.

13.     Eventually, approximately, 67 million airbags in 42 million vehicles were recalled in one of the largest recall efforts in United States history.

14.     Plaintiffs lived in a small community in Manti, Utah, and continued about their normal affairs over the next thirteen (13) years after purchasing their 2006 Ford Lincoln Zephyr.

15.     On January 3, 2020, Plaintiff was driving her 2006 Ford Lincoln Zephyr to the temple in Manti.

16.     Elanore Tillack was driving the vehicle with her grandson, Trey, in the passenger side of the back seat.

17.     Plaintiff drove east from her home, which was located on Keller Road, to the intersection with U.S. 89.

18.     The southbound side of U.S. 89 has a left turn lane to turn onto Keller Road, and two lanes for southbound traffic.

19.     As Plaintiff attempted to make a right-hand-turn into lane 2, a vehicle struck Plaintiff's driver's side quarter panel, traveling at approximately 70 m.p.h.

20.     The crash was so significant that it spun the Tillack vehicle around, which was struck by another vehicle.

21.     Emergency personnel were summoned to the scene.

22.     Plaintiff Elanore Tillack sustained serious injuries and was flown to Utah Valley Hospital in Utah County.

23.     Plaintiff Elanore Tillack sustained serious injuries to her head; brain injury; fractured clavicle; sternum fracture; left rib fracture; right rib fracture; collapsed lung; right radial wrist fracture; right sacral fracture; pubic rami fracture; left tibial fracture; hips; and soft tissue injuries to her body.

24.     Plaintiff spent substantial time rehabilitating from her injuries.

25.     At some point later in January of 2020, Plaintiff received a recall notice regarding an urgent safety recall.

26.     Once Plaintiff Elanore Tillack was well enough to look at the mail, she discovered that she had received an urgent airbag recall on the 2006 Ford Lincoln Zephyr that she was involved in with the crash.  It was the latter part of January when she discovered the urgent airbag recall.

27.     Prior to this particular airbag recall received in 2020, the Tillacks do not recall receiving any other notice or complication regarding the airbags in the 2006 Ford Lincoln Zephyr.

28.     After Plaintiff Elanore Tillack was well enough to go through the mail and observe the recall, they did an investigation to determine, by vin number, if their particular vehicle was part of the recall.  Upon checking the vin number of their 2006 Ford Lincoln Zephyr, it was, in fact, part of this largest airbag recall in U.S. history.

29.     Plaintiffs allege that Ford manufactured the airbag sensors; airbag modules; electrical parts; and wiring.

30.     Plaintiffs allege that Ford chose what sensors; electrical parts; wiring; modules; and Takata parts to install, assemble, manufacture the airbag and its

5

components and implied, expressed, represented, and warranted the Zephyr and its safety components, including the above and the Takata airbag.

31.     Plaintiffs allege that Ford knew there were safer components and airbags available in 2006, free from design and manufacturing defects, but chose to manufacture and install said sensors; modules; wiring; electrical parts; and Takata airbags that were defective in design or manufacture.

32.     Plaintiffs relied on Ford's and Defendants' representations, warranties, and guarantees, expressed and implied, that the 2006 Ford Lincoln Zephyr would perform as Plaintiffs use in their ordinary driving, and that the safety features, including the airbags and component parts, are fit for the ordinary purpose and would engage to protect Plaintiffs.

33.     Over the next thirteen years, Ford/Defendants received numerous complaints and warnings, and possessed knowledge that the airbags and components were defectively designed and manufactured, and could not protect Plaintiffs.  Ford failed to notify Plaintiffs of the recall until sometime after Elanore was injured.

III.

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

34.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 33 above.

35.     After the Tillacks determined that they had received this urgent recall and discovered this recall in the latter part of January 2020, a vehicle inspection was

6

eventually set up with Ford's attorney. Upon inspecting the vehicle, it was Plaintiff's position that she was hit with such force in two (2) different impacts, that the airbags should have deployed, which would have minimized her injuries.

36.     Plaintiffs allege that Defendants had a duty to make sure that the 2006 Ford Lincoln Zephyr was safe when it left the Ford manufacturing plant, and all of the components, including the sensors to the airbags; wiring; electrical circuits; air bag modules; diagnostic modules; and air bag inflator were properly manufactured, designed, and installed.

37.     Plaintiffs allege that Defendants breached their duty and were negligent in making sure the 2006 Ford Lincoln Zephyr was safe for Plaintiffs to operate. On January 3, 2020, Plaintiffs' vehicle was violently struck by two vehicles and none of the airbags deployed, resulting in more serious injuries to Elanore.

38.     As a direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff sustained injuries outlined above and incurred past, present, and future medical expenses in an amount not less than $245,000.00; out-of-pocket expenses; and consequential damages in an amount to be established at trial, but not less than $300,000.00.

39.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiffs sustained past, present, and future general damages, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an

increased likelihood of re-injury or aggravation to a preexisting condition in an amount to be established at trial, but not less than $1,000,000.00.

40.     As a further direct and proximate result of Defendants' negligent acts, omissions, and wrongful conduct, Plaintiff Ed Tillack asserts a claim for loss of consortium, given the serious nature of Plaintiff Elanore Tillack's injuries that had a substantial impact on their marital relationship.  Accordingly, Plaintiff Ed Tillack asserts a claim for loss of consortium pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial, but not less than $250,000.00.

## VI.

### SECOND CAUSE OF ACTION
### Products Liability Negligence
### (Against All Defendants)

41.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 40 above.

42.     Plaintiffs allege that Defendants were negligent in, among other things, failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in the installation, repair, replacement or provide future warranties and recall notices in a timely manner for the 2006 Ford Lincoln Zephyr.

43.     Plaintiffs further allege that Defendants were negligent in failing to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; represent; specify; and assist in

the installation, repair, or replacement of the following parts that Plaintiffs allege were manufactured by Ford:

    A.    Front sensor of the 2006 Ford Lincoln Zephyr, part number 6E5Z14B004A;

    B.    Side impact sensor, part number 9E5Z14B345A, which replaced 6E5Z14B345-AA;

    C.    Diagnostic module part number 7E5Z14B321DD, module airbag, and module 6H6Z54611D10AD;

    D.    Driver inflator, module part number 8HGZ54043B13AB; and

    E.    Left front side module airbag, 6H6Z54611D11AD.

44.    Plaintiffs allege that Defendants manufactured, designed, and installed defective airbags; airbag sensors; manufactured, designed, and installed defective electrical parts; manufactured, designed, and installed defective wiring; and manufactured, designed, and installed defective airbag modules, which caused the Tillack 2006 Ford Lincoln Zephyr airbags not to deploy, causing serious injuries to Elanore, resulting in special and general damages.  Safer alternatives were available and known to Defendants.

**V.**

**THIRD CAUSE OF ACTION**
**Strict Liability under Section 402**
**of the Restatement (Second) of Torts**
**(Against All Defendants)**

45.    Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 44 above.

9

46.     Plaintiffs allege that Defendants were strictly liable for the defective design, manufacture, and installation of the airbags; airbag sensor; electrical parts; wiring; airbag module; and airbag inflator of the 2006 Ford Lincoln Zephyr.

47.     Plaintiffs allege that Defendants failed to properly invent; develop; manufacturer; assemble; package; design; instruct; research; purchase; compound; inspect; test; label; warn of risk; warn of recalls; represent; specify; and assist in the installation, service or repair of Plaintiffs' 2006 Ford Lincoln Zephyr.

48.     Plaintiffs allege Defendants are strictly liable for the damage and injuries sustained by Plaintiff Elanore Tillack, and both her special and general damages, set forth hereinabove and incorporated by this reference.

49.     Plaintiffs also allege that Defendants are strictly liable for Plaintiff Ed Tillack's loss of consortium claim, pursuant to *Utah Code Ann*. § 30-2-11.

50.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was defective at the time of its manufacturing; design; development; production; testing; inspection; assembly; sale; installation; and distribution; and failed to warn the Tillacks for over thirteen years of the ongoing problems with the airbags not deploying.

51.     Plaintiffs allege Defendants knew the product was defective, and the user would use this product and rely upon the airbags to deploy in the event of a motor vehicle crash.  The airbags failed to deploy on January 3, 2020.

## VI.

### FOURTH CAUSE OF ACTION
### Violation of Statute
### (Against All Defendants)

52.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 51 above.

53.     Plaintiffs allege that at all material times, Defendants had an obligation not to violate the law in the manufacturing; design; testing; production; assembly; research; installation; and inspection of the airbag parts and airbag, before putting the 2006 Ford Lincoln Zephyr in the string of commerce.

54.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was unreasonably dangerous in the way it was designed; the way it was manufactured; and Plaintiffs and other users were never warned of the defective and unreasonably dangerous product. Plaintiffs further allege that the design and manufacturing defect in the product made the 2006 Ford Lincoln Zephyr unreasonably dangerous, and the defect was present at the time it was manufactured; distributed; sold; and the design and manufacturing defect caused Plaintiff's injuries, in violation of *Utah Code Ann*. § 78B-6-701; 78B-6-702; and 78B-6-203.

55.     Plaintiff alleges that Defendants failed to comply with the various safety regulations, statutes, and *Utah Code Ann*. § 70A-2-313, Express Warranties; § 70A-2-314, Implied Warranties and Merchantability; and § 70A-2-315, Implied Warranty Fitness for a Particular Purpose.

11

56.     As a direct and proximate result of Defendants' violation of safety statutes, regulations, and Utah Code, Plaintiff Elanore Tillack suffered injuries and special and general damages set forth hereinabove and incorporated by this reference.

**VII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 56 above.

58.     Plaintiffs allege that Defendants failed to warn that they had not properly manufactured, designed, installed, and assembled the various component parts, including the airbag; the front sensor; side impact sensor; head sensor; diagnostic module; module for the airbag; the driver inflator module in the 2006 Ford Lincoln Zephyrs; wiring; and electrical parts.

59.     Plaintiffs allege that Defendants knew or should have known of these various defects, and had approximately thirteen years to warn Plaintiffs of these defects, and failed to do so until sometime after Plaintiffs' motor vehicle crash on January 3, 2020.

60.     As a consequence of Defendants' failure to warn, the 2006 Ford Lincoln Zephyr was unreasonably dangerous and incapable of being made safe for the intended and ordinary use.  As a consequence, Plaintiff Elanore Tillack suffered injuries and special and general damages as set forth hereinabove and incorporated by this reference.

12

**VIII.**

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(Against All Defendants)**

61.      Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 60 above.

62.      Plaintiffs allege that Defendants expressly warranted that the 2006 Ford Lincoln Zephyr was free from product defect and unreasonable dangerous condition, and would operate as specified in its manual, advertisements, marketing, and representations made by the various employees of Ford and various service centers throughout Utah.

63.      Plaintiffs allege that Defendants violated *Utah Code Ann*. § 70-2-313, Express Warranties, that the front sensor; side impact sensor; head sensor; diagnostic module; module airbag; driver inflator module; electrical parts; severed wiring; and airbag module were free from defects, warranted to be in good working order, and would perform as warrantied.

64.      As a direct and proximate result of Defendants' breach of its express warranty, Plaintiff Elanore Tillack suffered injuries, and special and general damages set forth hereinabove, and incorporated herein by this reference.

13

## IX.

### SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty for a Particular Purpose
### and Merchantability
### (Against All Defendants)

65.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 64 above.

66.     Plaintiffs allege that Defendants warranted that the 2006 Ford Lincoln Zephyr was, among other things, of merchantable quality, fit, safe, and in proper condition for the ordinary use in which the 2006 Ford Lincoln Zephyr was designed, manufactured, marketed, and demonstrated to perform.

67.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not of merchantable quality; rather, it was unfit, unsafe, and unusable for the purpose intended.  The condition of the 2006 Ford Lincoln Zephyr did not perform for the particular purpose it was designed and was a direct cause of Plaintiff Elanore Tillack's injuries and damaged claimed by Plaintiffs, and both special and general, incorporated by this reference.

68.     Plaintiffs allege that the 2006 Ford Lincoln Zephyr was not fit for its particular use, it was also not of merchantable quality, in violation of *Utah Code Ann*. §§ 7A-2-314 and 315.

14

**X.**

**EIGHTH CAUSE OF ACTION**
**Negligent Misrepresentation**
**Against All Defendants**

69.     Plaintiffs re-allege and incorporate herein by reference paragraphs 1 through 68 above.

70.     Plaintiffs allege that Defendants, and each of them, falsely represented to Plaintiffs that the 2006 Ford Lincoln Zephyr was safe for use and operation on the highways and bi-ways in the State of Utah.

71.     Plaintiffs allege that the representations made by Defendants were, in fact, false.  The true facts were that the 2006 Ford Lincoln Zephyr had a design, manufacturing and installation and product defect, was defective at the time, it left the Ford manufacturing plant and it was in a unreasonably dangerous condition and had not been corrected in response to the numerous complaints over the thirteen years regarding the defective airbags; airbag sensors; defective electrical parts; defective wiring; and defective airbag module.

72.     Plaintiffs allege that given the force and the number of impacts to Plaintiffs' vehicle, the airbag should have deployed and minimized the extent of Plaintiff Elanore Tillack's injuries and damages sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For past, present, and future special damages for Plaintiff Elanore Tillack, including medical expenses; lost wages; impaired earning capacity; property damage;

consequential damages; and other out-of-pocket expenses in an amount to be established at trial.

2.      For past, present, and future general damages for Plaintiff Elanore Tillack, including physical pain and suffering; emotional pain and suffering; loss of enjoyment of life; permanent impairment/disability; permanent scarring; and an increased likelihood of re-injury or aggravation in an amount to be established at trial.

3.      For loss of consortium for Plaintiff Ed Tillack, pursuant to *Utah Code Ann.* § 30-2-11, in an amount to be established at trial.

4.      For prejudgment and post-judgment interest, costs of court, and such other relief as the Court deems equitable.

DATED this 15th day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES


*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs


**PLAINTIFFS' ADDRESS:**

Elanore Tillack
Ed Tillack
P.O. Box 121
Manti, Utah  84642

16

# CERTIFICATE OF SERVICE

**Case Info:**

**PLAINTIFF:**
ELANORE TILLACK AND ED TILLACK
  -versus-
**DEFENDANT:**
FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN
MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF
STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka
TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU
CORPORATION; TAKATA SERVICE CORPORATION, acquired in part
by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson
Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1
-5

Utah District Court, Manti Department
County of Sanpete, Utah
Court Case # **210600084**

**Service Info:**

**Date Received: 3/18/2022 at 04:25 PM**
**Service:** I Served **BLUFF STREET AUTO BROKERS, L.L.C.**
With: **SUMMONS; AMENDED COMPLAINT TIER III**
by leaving with **TJ HARPER, MANAGER**

**At Business 321 S BLUFF ST SAINT GEORGE, UT 84770**
Latitude: **37.103047,**   Longitude: **-113.591032**

On **3/22/2022** at **09:35 AM**
**Manner of Service: CORPORATE**
CORPORATE

**Served Description:  (Approx)**

    Age: **45**, Sex: **Male**, Race: **White-Caucasian**, Height: **6' "**, Weight: **160**, Hair: **Brown** Glasses:  **No**

**Charges:**

      Southern Utah Service Zone 1 (1)  $55.00
                TOTAL: $55.00

I Wendy Neff acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was
served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document
and that the facts stated in it are true.

Signature of Server:_____ *Wendy Neff* _____
**Wendy Neff**
Lic # **#G101564**

**Beehive Attorney Service**
285 W Tabernacle St, Suite 201
Saint George, UT 84770
Phone: (800) 779-0379

Our Job # **63737**

1 of 1

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1-5, <br><br> Defendants. | **SUMMONS** <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Number 210600084 <br><br> Judge Wallace A. Lee |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**BLUFF STREET AUTO BROKERS, L.L.C.**

**c/o Registered Agent Rick Harper**

You are hereby summoned and required to file an answer in writing to the

attached Amended Complaint with the Clerk of the above-entitled Court, and to serve

upon or mail to George T. Waddoups & Associates PLLC, 623 East Fort Union

Boulevard, Suite 108, Midvale, Utah 84047, Plaintiffs' attorney, a copy of said answer

within twenty-one (21) days after service of this Summons upon you. If you fail to do so,

judgment by default will be taken against you for the relief demanded in said Complaint,

which has been filed with the Clerk of the Court, 160 North Main Street, P.O. Box 219,

Manti, Utah 84642, and a copy of which is hereto annexed and herewith served upon

you.

DATED this 18th day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

/s/George T. Waddoups
Attorney for Plaintiffs

**Serve Defendant at:**

321 South Bluff Street
St. George, Utah  84770

# CERTIFICATE OF SERVICE

**Case Info:**

**PLAINTIFF:**
ELANORE TILLACK AND ED TILLACK
-versus-

Utah District Court, Manti Department
County of Sanpete, Utah
Court Case # **210600084**

**DEFENDANT:**
FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN
MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF
STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka
TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU
CORPORATION; TAKATA SERVICE CORPORATION, acquired in part
by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson
Safety Systems Acquisitions, LLC; and JOHN DOE CORPORATIONS 1
-5

**Service Info:**

**Date Received:** 3/18/2022 at 04:11 PM
**Service:** I Served **JOYSON SAFETY SYSTEMS ACQUISITION LLC**
With: **SUMMONS; AMENDED COMPLAINT TIER III**

**Location:**
Business 711 Capitol Way South, Suite 201 Olympia, WA 98501

On 3/29/2022 at 11:28 (am)/ pm )

[ ] Government Agency:
[ ] Corporate service at place of business: to:_____ as _____
[X] Corporate service upon registered agent: _James Roberts, authorized representative for National Register Agents Inc._
[ ] Corporate service substitute at residence to:_____ as _____
[ ] Corporate service substitute at registered agent's residence:_____ as _____
[ ] Other:_____
[ ] Non-service: After due search, careful inquiry and diligent attempts at the address(es) listed below, I have been
unable to effect the process upon the person/entity being served because of the following reason(s):

_____
_____
_____

**Served Description:** **(Approx)**

Age: _45_ Sex: _M_ , Race: _White_ , Height:_5'9"_, Weight:_180_, Hair: _brown_ Glasses: _Yes_

I _Dennis Norris_ acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein
the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the
foregoing document and that the facts stated in it are true.

Signature of Server:_____

Process Server:_Dennis Norris_ , Lic # _95-27_

**Beehive Attorney Service**
285 W Tabernacle St, Suite 201
Saint George, UT 84770
Phone: (800) 779-0379

Our Job # **63733**

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC;; and JOHN DOE CORPORATIONS 1-5,<br><br>Defendants. | **SUMMONS**<br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Number 210600084<br><br>Judge Wallace A. Lee |

THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:

**JOYSON SAFETY SYSTEMS ACQUISITION LLC**

**c/o Registered Agent National Registered Agents, Inc.**

You are hereby summoned and required to file an answer in writing to the attached Amended Complaint with the Clerk of the above-entitled Court, and to serve upon or mail to George T. Waddoups & Associates PLLC, 623 East Fort Union Boulevard, Suite 108, Midvale, Utah 84047, Plaintiffs' attorney, a copy of said answer within thirty (30) days after service of this Summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of the Court, 160 North Main Street, P.O. Box 219, Manti, Utah 84642, and a copy of which is hereto annexed and herewith served upon you.

DATED this 18th day of March, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

/s/George T. Waddoups
Attorney for Plaintiffs

**Serve Defendant at:**

711 Capitol Way South, Suite 201
Olympia, Washington  98501-1267

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS),<br><br>Defendants. | **DEFENDANT FORD MOTOR COMPANY'S ANSWER**<br><br>**(Tier III)**<br><br>Case No.: 210600084<br><br>Judge: Wallace A. Lee |

Defendant Ford Motor Company ("Ford") hereby answers the Complaint of Plaintiffs

Elanore Tillack and Ed Tillack (hereafter, "Plaintiff") as follows:

# I.

## PARTIES, JURISDICTION, AND VENUE

1.      Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 1, and therefore denies same.

2.      Ford admits it is a Delaware corporation and that its principal place of business is in Michigan.  The remaining allegations in paragraph 2 assert legal conclusions, to which no response is necessary.

3.      Ford admits it is a Delaware corporation and that its principal place of business is in Michigan.  The remaining allegations in paragraph 3 assert legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the remaining allegations in paragraph 3.

4.      Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding other defendants and entities, and therefore denies same. Ford admits that it has manufactured and sold certain vehicles equipped with Takata airbags.  Ford further responds that Takata Corporation is an entirely separate company from Ford.  Ford denies any remaining allegations in paragraph 4 directed to Ford.

5.      Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.  Ford further responds that paragraph 5 contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the remaining allegations in paragraph 5.

## II.

## STATEMENT OF FACTS

6.      Ford hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

7.      Ford admits that it manufactures in part and sells automobiles in various markets. Ford denies any remaining allegations in paragraph 7.

8.      Ford admits that it designed in part, manufactured in part, and assembled in part the subject 2006 Zephyr.  Ford denies any remaining allegations in paragraph 8.

9.      Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 9, and therefore denies same.

10.     Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 10, and therefore denies same.

11.     Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 11 as framed, and therefore denies the same.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

12.     Ford denies the allegations of paragraph 12.  Ford further specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

13.     Paragraph 13 does not contain any allegations directed to Ford and therefore no response is required.  Ford specifically denies any and all allegations of defect with regard to the

subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

14.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21.      Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29.     Ford denies the allegations contained in paragraph 29 of the Complaint.

30.     Ford denies the allegations contained in paragraph 30 of the Complaint.

31.     Ford denies the allegations contained in paragraph 31 of the Complaint.

32.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

33.     Ford denies the allegations contained in paragraph 33 of the Complaint.

**III.**

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

34.     Ford hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

35.     Ford admits that the subject vehicle was inspected prior to the lawsuit being filed. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding Plaintiffs' "position" upon inspecting the vehicle.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

36.     The allegations in paragraph 36 of the Complaint contain legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 36 of the Complaint.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

37.     Ford denies the allegations in paragraph 37 of the Complaint.  Paragraph 37 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 37 of the Complaint.

38.     Ford denies the allegations contained in paragraph 38 of the Complaint.  Paragraph 38 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 38 of the Complaint.

39.     Ford denies the allegations contained in paragraph 39 of the Complaint.  Paragraph 39 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 39 of the Complaint.

40.     Ford denies the allegations contained in paragraph 40 of the Complaint.  Paragraph 40 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 40 of the Complaint.

## IV.

## SECOND CAUSE OF ACTION
## Products Liability Negligence
## (Against All Defendants)

41.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

42.     Ford denies the allegations contained in paragraph 42 of the Complaint.  Paragraph 42 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 42 of the Complaint.

43.     Ford denies the allegations contained in paragraph 43 of the Complaint and its subparts (a-e).  Paragraph 43 also contains legal conclusions, to which no response is necessary. To the extent a response is necessary, Ford denies the allegations contained in paragraph 43 of the Complaint.

44.     Ford denies the allegations contained in paragraph 44 of the Complaint.  Paragraph 44 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 44 of the Complaint.

## V.

## THIRD CAUSE OF ACTION
## Strict Liability under Section 402
## Of the Restatement (Second) of Torts
## (Against All Defendants)

45.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

46.     Ford denies the allegations contained in paragraph 46 of the Complaint.  Paragraph 46 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 46 of the Complaint.

47.     Ford denies the allegations contained in paragraph 47 of the Complaint.  Paragraph 47 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 47 of the Complaint.

48.     Ford denies the allegations contained in paragraph 48 of the Complaint.  Paragraph 48 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 48 of the Complaint.

49.     Ford denies the allegations contained in paragraph 49 of the Complaint.  Paragraph 49 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 49 of the Complaint.

50.     Ford denies the allegations contained in paragraph 50 of the Complaint.  Paragraph 50 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 50 of the Complaint.

51.     Ford denies the allegations contained in paragraph 51 of the Complaint.  Paragraph 51 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 51 of the Complaint.

**VI.**

**FOURTH CAUSE OF ACTION**
**Violation of Statute**
**(Against All Defendants)**

52.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

53.     The allegations contained in paragraph 53 of the Complaint call for legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 53 of the Complaint.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

54.     Ford denies the allegations contained in paragraph 54 of the Complaint.  Paragraph 54 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 54 of the Complaint.

55.     Ford denies the allegations contained in paragraph 55 of the Complaint. Paragraph 55 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 55 of the Complaint.

56.     Ford denies the allegations contained in paragraph 56 of the Complaint. Paragraph 56 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 56 of the Complaint.

**VIII.**

**FIFTH CAUSE OF ACTION**
**Failure to Warn**
**(Against All Defendants)**

57.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

58.     Ford denies the allegations contained in paragraph 58 of the Complaint.  Paragraph 58 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 58 of the Complaint.

59.     Ford denies the allegations contained in paragraph 59 of the Complaint.  Paragraph 59 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 59 of the Complaint.

60.     Ford denies the allegations contained in paragraph 60 of the Complaint.  Paragraph 60 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 60 of the Complaint.

**VIII.**

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**
**(Against All Defendants)**

61.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

62.     Ford denies the allegations contained in paragraph 62 of the Complaint.  Paragraph 62 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 62 of the Complaint.

63.     Ford denies the allegations contained in paragraph 63 of the Complaint.  Paragraph 63 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 63 of the Complaint.

64.     Ford denies the allegations contained in paragraph 64 of the Complaint.  Paragraph 64 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 64 of the Complaint.

**IX.**

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Warranty for a Particular Purpose**
**And Merchantability**
**(Against All Defendants)**

65.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

66.     Ford denies the allegations contained in paragraph 66 of the Complaint.  Paragraph 66 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 66 of the Complaint.

67.     Ford denies the allegations contained in paragraph 67 of the Complaint.  Paragraph 67 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 67 of the Complaint.

68.     Ford denies the allegations contained in paragraph 68 of the Complaint.  Paragraph 68 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 68 of the Complaint.

## X.

## EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation
### (Against All Defendants)

69.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

70.     Ford denies the allegations contained in paragraph 70 of the Complaint.  Paragraph 70 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 70 of the Complaint.

71.     Ford denies the allegations contained in paragraph 71 of the Complaint.  Paragraph 71 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 71 of the Complaint.

72.     Ford denies the allegations contained in paragraph 72 of the Complaint.  Paragraph 72 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 72 of the Complaint.

## GENERAL DENIAL

Ford denies each and every allegation, statement, or legal conclusion asserted in the Complaint not expressly admitted herein.

## PRAYER FOR RELIEF

Ford denies that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations and / or repose.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Complaint fails to state a cause of action upon which relief may be granted against Ford.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, for lack of jurisdiction over Ford.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused or contributed to by the negligence or fault or other persons, firms, corporations, or entities over whom Ford has and had no control or right of control and for whom it is not responsible and liability, fault and damages should be apportioned accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by federal preemption.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Subject Vehicle complied with all applicable government regulations and standards at the time it was designed, manufactured, and sold and therefore Ford is exempt from any award of punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the proximate cause of the accident described in Plaintiffs' Complaint and the resulting injuries and damages, if any, to Plaintiff may have been the use of the Subject Vehicle  for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the Subject Vehicle; and further, the decedent knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the percentage or proportion of fault attributable to Plaintiff and to others, whether or not joined as parties herein, should be determined by separate special verdicts pursuant to Utah Code Ann. § 78B-5-819, thereby barring or diminishing any recovery against Ford.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that the alleged injuries of Plaintiff were not proximately caused or contributed to by any act or omission of Ford.  To the extent that Plaintiff suffered from any alleged injuries or damages, they were caused by the acts or omissions on the part of parties, individuals, and entities other than Ford.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff' claims may be barred, in whole or in part, because the Subject Vehicle was not in the same condition at the time of the events, injuries and damages alleged in the Complaint as when it left the custody and control of Ford.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff has received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation or benefits.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because at the time the Subject Vehicle was sold by Ford, it was fit for its intended purpose and was not defective or unreasonably dangerous, and it had adequate warnings.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiff cannot show that any reasonable alternative design would have rendered the Subject Vehicle safer overall under the Restatement (Third) of Product Liability § 2, cmt. f.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claims may be barred by Utah Code Ann. § 70A-2-607.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiff has failed to join indispensable parties necessary to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, was the result of Plaintiff Elanore Tillack's own negligence, carelessness, inattention, assumption of risk, or otherwise wrongful or unsafe act and Plaintiffs' damages should thereby be reduced or eliminated by the percentage of their negligence and fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the limitations and defenses set out in the Utah Product Liability Act, Utah Code Ann. §§ 78B-6-701 to -707 (2021). Ford pleads all available defenses under the Utah Product Liability Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the plans or designs for the subject product(s), and the method and techniques of designing, manufacturing, inspecting, testing and labeling (including warnings and instructions for use) the product(s), conformed to the state-of-the-art at the time the product was first sold and when the product(s) at issue left the control of Ford, no practical and technically feasible alternative was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product(s) for its intended use.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, as the product or products manufactured or supplied by Ford, if any, were not unreasonably dangerous within the meaning of Utah Code Ann. § 78B-6-703.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of express or implied pre-emption as a result of compliance of the product(s) at issue with any applicable industry and government standards.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to read and heed any applicable warnings.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Ford complied with all applicable state and federal statutes and government regulations, and Ford is entitled to the rebuttable presumption as set forth in Utah Code Ann. § 78B-6-703(2).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, by a disclaimer, exclusion, or limitation of warranties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, because Plaintiff did not rely on any express or implied warranties, if any existed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims may be barred, in whole or in part, for failure to provide reasonable and adequate notice of any breach of such alleged warranties. Utah Code Ann. § 70A-2-607(3).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the plans or designs for the subject product, and the method and techniques of designing, manufacturing, inspecting, testing and labeling the product, conformed to the state-of-the-art at the time the product was first sold.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the allegedly defective product Plaintiff contends Ford designed, manufactured and sold was free from any defects or defective condition and was not unreasonably dangerous at the time it left Ford's custody and control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of assumption of the risk and/or unreasonable use of a product.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, alleged against Ford in the Complaint were not substantial factors in bringing about the alleged injuries and damages to Plaintiff and therefore were not contributing causes thereof, but were superseded by the acts and omissions of others, which were the independent, intervening and proximate cause of any damages alleged by Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of laches, waiver, and/or estoppel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation. Ford has not knowingly or intentionally waived any

applicable affirmative defenses or avoidance. Ford expressly reserves and does not waive the right to amend its affirmative defenses as investigation, discovery, and/or trial reveal to be applicable.

## **TRIAL BY JURY**

Ford demands a trial by jury for all issues triable by a jury and relies on the fee previously paid to the Court by Plaintiff.

## **NOTICE OF ALLOCATION OF FAULT**

Pursuant to Rule 9 of the Utah Rules of Civil Procedure, Ford hereby provides notice that it intends to allocate fault to non-parties.  In support of its notice of allocation, Ford incorporates its answer and affirmative defenses, and further states as follows:

1.      The Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817 through 78B-5-823 provides for allocation of fault to parties and non-parties.

2.      Plaintiff alleges in their Complaint that Ford is responsible, at least in part, for their injuries.

3.      Although Ford does not seek any affirmative relief from others, it is entitled to a determination of the potential fault of other named parties and non-parties pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-823 and Rule 9(l) of the Utah Rules of Civil Procedure.  Ford further provides notice to allocate fault to third parties involved in the use, operation, maintenance, inspection, repair, supply, and/or sale of the subject vehicle (including its component parts).  These parties and non-parties should be added to the special verdict form for purposes of determining their percentage of fault for the alleged injuries and damages at issue.

4.      Ford reserves the right to provide notice of additional persons and/or entities that caused or contributed to Plaintiffs' alleged injuries or damages, and reserves the right to add other persons or entities to the special verdict form.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Ford prays that it be dismissed with prejudice, that Plaintiff takes nothing thereby and that Ford be awarded its costs and for such other relief as the Court deems just.

DATED this 11th day of April, 2022.

SNELL & WILMER L.L.P.


By: */s/ Elisabeth M. McOmber*
Tracy Fowler
Elisabeth M. McOmber
Aline Marie H. Longstaff
*Attorneys for Defendant Ford Motor Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 11th day of April, 2022, a true and correct copy of the foregoing Answer was filed with the Court via Greenfiling, which effectuated notice upon all parties of record, including the following:

George T. Waddoups
Geri C. Kelley
George T. Waddoups & Associates PLLC
623 East Fort Union Boulevard, Ste. 108
Midvale, Utah 84047
george@waddoupslaw.com
geri@waddoupslaw.com

*Attorneys for Plaintiff*

*/s/ Mary Batchelor*
Legal Administrative Assistant
with Snell & Wilmer L.L.P.

4875-9644-3419

SIXTH JUDICIAL DISTRICT-MANTI
SANPETE COUNTY, STATE OF UTAH

| | | |
|---|---|---|
| ELANORE TILLACK, | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | NOTICE OF EVENT DUE DATES |
| | : | |
| | : | |
| | : | |
| FORD MOTOR COMPANY, | : | Case No: 210600084 LP |
| Defendant | : | Discovery Tier: 3 |
| | : | Judge: WALLACE A LEE |

To Counsel and Parties:

The district court case management system has automatically generated this notice, calculating the dates set forth below under Utah Rule of Civil Procedure 26. These dates will constitute the schedule for disclosures, fact discovery, expert discovery, ADR and readiness for trial. This schedule does not govern extraordinary discovery.

Based on the date the answer was filed, the following event due dates apply in this case. If any date is a Saturday, Sunday or legal holiday, the due date is the following business day.

| | | |
|---|---|---|
| Date Answer filed: | 11-Apr-22 | |
| * Moving party's initial disclosures due: | 25-Apr-22 | (Date answer filed plus 14 days) |
| * Responding party's initial disclosures due: | 23-May-22 | (Date answer filed plus 42 days) |
| * Fact discovery completed: | 19-Dec-22 | (Date responding party's disclosures due plus 90, 120, 180, or 210 days, depending on the discovery tier.) |
| * Expert discovery completed: | 17-Jul-23 | (Date fact discovery completed plus 210 days) |
| * ADR completed (unless exempt): | 17-Jul-23 | (Date expert discovery completed) |
| * Certificate of Readiness for Trial due: | 17-Jul-23 | (Date expert discovery completed) |

The parties shall promptly notify the Court of any settlements or stipulations. Self Help Resources are available at www.utcourts.gov.

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 210600084 by the method and on the date specified.

EMAIL:  ELISABETH MCOMBER

EMAIL:  TRACY FOWLER

EMAIL:  ALINE MARIE LONGSTAFF

EMAIL:  GEORGE WADDOUPS

EMAIL:  MICHELLE WADDOUPS

EMAIL:  GEORGE WADDOUPS

EMAIL:  MICHELLE WADDOUPS

MAIL:  FORD MOTOR SERVICE COMPANY
MAIL:  BLUFF STREET AUTO BROKERS LLC
MAIL:  TAKATA CORPORATION
MAIL:  TAKATA KYUSHU CORPORATION
MAIL:  TAKATA SERVICE CORPORATION
MAIL:  KEY SAFETY SYSTEMS KSS
MAIL:  JOHN DOE CORPORATIONS 1-5
MAIL:  JOYSON SAFETY SYSTEMS
MAIL:  JOYSON SAFETY SYSTEMS ACQ LLC

Date:  April 11, 2022                          /s/ LINDA EKKER
                                               Clerk/Clerk of Court

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS),<br><br>Defendants. | **DEFENDANT FORD MOTOR COMPANY'S AMENDED ANSWER AND CROSSCLAIM FOR APPORTIONMENT OF FAULT AGAINST DEFENDANT BLUFF STREET AUTO BROKERS, LLC**<br><br>**(Tier III)**<br><br>Case No.: 210600084<br><br>Judge: Wallace A. Lee |

Pursuant to Utah Rules of Civil Procedure 15 and 13, Defendant Ford Motor Company

("Ford") hereby submits its Amended Answer to the Complaint of Plaintiffs Elanore Tillack and

Ed Tillack (hereafter, "Plaintiffs") and its Crossclaim against Defendant Bluff Street Auto Brokers,

LLC as follows:

# I.

## PARTIES, JURISDICTION, AND VENUE

1.      Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 1, and therefore denies same.

2.      Ford admits it is a Delaware corporation and that its principal place of business is in Michigan.  The remaining allegations in paragraph 2 assert legal conclusions, to which no response is necessary.

3.      Ford admits it is a Delaware corporation and that its principal place of business is in Michigan.  The remaining allegations in paragraph 3 assert legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the remaining allegations in paragraph 3.

4.      Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding other defendants and entities, and therefore denies same. Ford admits that it has manufactured and sold certain vehicles equipped with Takata airbags.  Ford further responds that Takata Corporation is an entirely separate company from Ford.  Ford denies any remaining allegations in paragraph 4 directed to Ford.

5.      Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.  Ford further responds that paragraph 5 contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the remaining allegations in paragraph 5.

## II.

## STATEMENT OF FACTS

6.     Ford hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

7.     Ford admits that it manufactures in part and sells automobiles in various markets. Ford denies any remaining allegations in paragraph 7.

8.     Ford admits that it designed in part, manufactured in part, and assembled in part the subject 2006 Zephyr.  Ford denies any remaining allegations in paragraph 8.

9.     Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 9, and therefore denies same.

10.     Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 10, and therefore denies same.

11.     Ford is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 11 as framed, and therefore denies the same.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

12.     Ford denies the allegations of paragraph 12.  Ford further specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

13.     Paragraph 13 does not contain any allegations directed to Ford and therefore no response is required.  Ford specifically denies any and all allegations of defect with regard to the

subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

14.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23.    Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29.     Ford denies the allegations contained in paragraph 29 of the Complaint.

30.     Ford denies the allegations contained in paragraph 30 of the Complaint.

31.     Ford denies the allegations contained in paragraph 31 of the Complaint.

32.     Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same.

33.     Ford denies the allegations contained in paragraph 33 of the Complaint.

**III.**

**FIRST CAUSE OF ACTION**
**Negligence**
**(Against All Defendants)**

34.     Ford hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

35.     Ford admits that the subject vehicle was inspected prior to the lawsuit being filed. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding Plaintiffs' "position" upon inspecting the vehicle.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

36.     The allegations in paragraph 36 of the Complaint contain legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 36 of the Complaint.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

37.     Ford denies the allegations in paragraph 37 of the Complaint.  Paragraph 37 also contains legal conclusions, to which no response is necessary.   To the extent a response is necessary, Ford denies the allegations contained in paragraph 37 of the Complaint.

38.     Ford denies the allegations contained in paragraph 38 of the Complaint.  Paragraph 38 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 38 of the Complaint.

39.     Ford denies the allegations contained in paragraph 39 of the Complaint.  Paragraph 39 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 39 of the Complaint.

40.     Ford denies the allegations contained in paragraph 40 of the Complaint.  Paragraph 40 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 40 of the Complaint.

**IV.**

**SECOND CAUSE OF ACTION**
**Products Liability Negligence**
**(Against All Defendants)**

41.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

42.     Ford denies the allegations contained in paragraph 42 of the Complaint.  Paragraph 42 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 42 of the Complaint.

43.     Ford denies the allegations contained in paragraph 43 of the Complaint and its subparts (a-e).  Paragraph 43 also contains legal conclusions, to which no response is necessary. To the extent a response is necessary, Ford denies the allegations contained in paragraph 43 of the Complaint.

44.     Ford denies the allegations contained in paragraph 44 of the Complaint.  Paragraph 44 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 44 of the Complaint.

**V.**

**THIRD CAUSE OF ACTION**
**Strict Liability under Section 402**
**Of the Restatement (Second) of Torts**
**(Against All Defendants)**

45.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

46.     Ford denies the allegations contained in paragraph 46 of the Complaint.  Paragraph 46 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 46 of the Complaint.

47.     Ford denies the allegations contained in paragraph 47 of the Complaint.  Paragraph 47 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 47 of the Complaint.

48.     Ford denies the allegations contained in paragraph 48 of the Complaint.  Paragraph 48 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 48 of the Complaint.

49.     Ford denies the allegations contained in paragraph 49 of the Complaint.  Paragraph 49 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 49 of the Complaint.

50.     Ford denies the allegations contained in paragraph 50 of the Complaint.  Paragraph 50 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 50 of the Complaint.

51.     Ford denies the allegations contained in paragraph 51 of the Complaint.  Paragraph 51 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 51 of the Complaint.

## VI.

### FOURTH CAUSE OF ACTION
### Violation of Statute
### (Against All Defendants)

52.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

53.     The allegations contained in paragraph 53 of the Complaint call for legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 53 of the Complaint.  Ford specifically denies any and all allegations of defect with regard to the subject vehicle or that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

54.     Ford denies the allegations contained in paragraph 54 of the Complaint.  Paragraph 54 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 54 of the Complaint.

55.     Ford denies the allegations contained in paragraph 55 of the Complaint. Paragraph 55 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 55 of the Complaint.

56.     Ford denies the allegations contained in paragraph 56 of the Complaint. Paragraph 56 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 56 of the Complaint.

## VIII.

## FIFTH CAUSE OF ACTION
### Failure to Warn
### (Against All Defendants)

57.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

58.     Ford denies the allegations contained in paragraph 58 of the Complaint.  Paragraph 58 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 58 of the Complaint.

59.     Ford denies the allegations contained in paragraph 59 of the Complaint.  Paragraph 59 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 59 of the Complaint.

60.     Ford denies the allegations contained in paragraph 60 of the Complaint.  Paragraph 60 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 60 of the Complaint.

## VIII.

## SIXTH CAUSE OF ACTION
### Breach of Express Warranty
### (Against All Defendants)

61.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

62.     Ford denies the allegations contained in paragraph 62 of the Complaint.  Paragraph 62 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 62 of the Complaint.

63.     Ford denies the allegations contained in paragraph 63 of the Complaint.  Paragraph 63 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 63 of the Complaint.

64.     Ford denies the allegations contained in paragraph 64 of the Complaint.  Paragraph 64 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 64 of the Complaint.

## IX.

### SEVENTH CAUSE OF ACTION
### Breach of Implied Warranty for a Particular Purpose
### And Merchantability
### (Against All Defendants)

65.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

66.     Ford denies the allegations contained in paragraph 66 of the Complaint.  Paragraph 66 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 66 of the Complaint.

67.     Ford denies the allegations contained in paragraph 67 of the Complaint.  Paragraph 67 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 67 of the Complaint.

68.     Ford denies the allegations contained in paragraph 68 of the Complaint.  Paragraph 68 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 68 of the Complaint.

## X.

### EIGHTH CAUSE OF ACTION
### Negligent Misrepresentation
### (Against All Defendants)

69.     Ford hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

70.     Ford denies the allegations contained in paragraph 70 of the Complaint.  Paragraph 70 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 70 of the Complaint.

71.     Ford denies the allegations contained in paragraph 71 of the Complaint.  Paragraph 71 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 71 of the Complaint.

72.     Ford denies the allegations contained in paragraph 72 of the Complaint.  Paragraph 72 also contains legal conclusions, to which no response is necessary.  To the extent a response is necessary, Ford denies the allegations contained in paragraph 72 of the Complaint.

### <u>GENERAL DENIAL</u>

Ford denies each and every allegation, statement, or legal conclusion asserted in the Complaint not expressly admitted herein.

### <u>PRAYER FOR RELIEF</u>

Ford denies that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations and / or repose.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Complaint fails to state a cause of action upon which relief may be granted against Ford.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, for lack of jurisdiction over Ford.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused or contributed to by the negligence or fault or other persons, firms, corporations, or entities over whom Ford has and had no control or right of control and for whom it is not responsible and liability, fault and damages should be apportioned accordingly.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by federal preemption.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because the Subject Vehicle complied with all applicable government regulations and standards at the time it was designed, manufactured, and sold and therefore Ford is exempt from any award of punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because the proximate cause of the accident described in Plaintiffs' Complaint and the resulting injuries and damages, if any, to Plaintiff may have been the use of the Subject Vehicle  for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the Subject Vehicle; and further, the decedent knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because the percentage or proportion of fault attributable to Plaintiff and to others, whether or not joined as parties herein, should be determined by separate special verdicts pursuant to Utah Code Ann. § 78B-5-819, thereby barring or diminishing any recovery against Ford.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, to the extent that the alleged injuries of Plaintiff were not proximately caused or contributed to by any act or omission of Ford.  To the extent that Plaintiff suffered from any alleged injuries or damages, they were caused by the acts or omissions on the part of parties, individuals, and entities other than Ford.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff' claims may be barred, in whole or in part, because the Subject Vehicle was not in the same condition at the time of the events, injuries and damages alleged in the Complaint as when it left the custody and control of Ford.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiff has received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation or benefits.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because at the time the Subject Vehicle was sold by Ford, it was fit for its intended purpose and was not defective or unreasonably dangerous, and it had adequate warnings.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiff cannot show that any reasonable alternative design would have rendered the Subject Vehicle safer overall under the Restatement (Third) of Product Liability § 2, cmt. f.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' breach of warranty claims may be barred by Utah Code Ann. § 70A-2-607.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiff has failed to join indispensable parties necessary to this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, was the result of Plaintiff Elanore Tillack's own negligence, carelessness, inattention, assumption of risk, or otherwise wrongful or unsafe act and Plaintiffs' damages should thereby be reduced or eliminated by the percentage of their negligence and fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the limitations and defenses set out in the Utah Product Liability Act, Utah Code Ann. §§ 78B-6-701 to -707 (2021). Ford pleads all available defenses under the Utah Product Liability Act.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the plans or designs for the subject product(s), and the method and techniques of designing, manufacturing, inspecting, testing and labeling (including warnings and instructions for use) the product(s), conformed to the state-of-the-art at the time the product was first sold and when the product(s) at issue left the control of Ford, no practical and technically feasible alternative was available that would have prevented the harm for which Plaintiff seeks to recover without substantially impairing the safety, efficacy, or usefulness of the product(s) for its intended use.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, as the product or products manufactured or supplied by Ford, if any, were not unreasonably dangerous within the meaning of Utah Code Ann. § 78B-6-703.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of express or implied pre-emption as a result of compliance of the product(s) at issue with any applicable industry and government standards.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to read and heed any applicable warnings.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Ford complied with all applicable state and federal statutes and government regulations, and Ford is entitled to the rebuttable presumption as set forth in Utah Code Ann. § 78B-6-703(2).

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, by a disclaimer, exclusion, or limitation of warranties.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, because Plaintiff did not rely on any express or implied warranties, if any existed.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims may be barred, in whole or in part, for failure to provide reasonable and adequate notice of any breach of such alleged warranties. Utah Code Ann. § 70A-2-607(3).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the plans or designs for the subject product, and the method and techniques of designing, manufacturing, inspecting, testing and labeling the product, conformed to the state-of-the-art at the time the product was first sold.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the allegedly defective product Plaintiff contends Ford designed, manufactured and sold was free from any defects or defective condition and was not unreasonably dangerous at the time it left Ford's custody and control.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of assumption of the risk and/or unreasonable use of a product.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, alleged against Ford in the Complaint were not substantial factors in bringing about the alleged injuries and damages to Plaintiff and therefore were not contributing causes thereof, but were superseded by the acts and omissions of others, which were the independent, intervening and proximate cause of any damages alleged by Plaintiff.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of laches, waiver, and/or estoppel.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation. Ford has not knowingly or intentionally waived any

applicable affirmative defenses or avoidance. Ford expressly reserves and does not waive the right to amend its affirmative defenses as investigation, discovery, and/or trial reveal to be applicable.

**TRIAL BY JURY**

Ford demands a trial by jury for all issues triable by a jury and relies on the fee previously paid to the Court by Plaintiff.

**NOTICE OF ALLOCATION OF FAULT**

Pursuant to Rule 9 of the Utah Rules of Civil Procedure, Ford hereby provides notice that it intends to allocate fault to non-parties.  In support of its notice of allocation, Ford incorporates its answer and affirmative defenses, and further states as follows:

1.      The Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817 through 78B-5-823 provides for allocation of fault to parties and non-parties.

2.      Plaintiff alleges in their Complaint that Ford is responsible, at least in part, for their injuries.

3.      Although Ford does not seek any affirmative relief from others, it is entitled to a determination of the potential fault of other named parties and non-parties pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-823 and Rule 9(l) of the Utah Rules of Civil Procedure.  Ford further provides notice to allocate fault to third parties involved in the use, operation, maintenance, inspection, repair, supply, and/or sale of the subject vehicle (including its component parts).  These parties and non-parties should be added to the special verdict form for purposes of determining their percentage of fault for the alleged injuries and damages at issue.

4.      Ford reserves the right to provide notice of additional persons and/or entities that caused or contributed to Plaintiffs' alleged injuries or damages, and reserves the right to add other persons or entities to the special verdict form.

## CROSSCLAIM

Pursuant to Rule 13 of the Utah Rules of Civil Procedure, and in accordance with applicable Utah law, including, but not limited to, Utah Code §§ 78B-5-817 through 78B-5-823 and common law indemnity, Ford hereby crossclaims against Co-Defendant Bluff Street Auto Brokers, LLC for the allocation of fault or, alternatively, the comparative causation of this Co-Defendant's fault at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Ford prays that it be dismissed with prejudice, that Plaintiff takes nothing thereby and that Ford be awarded its costs and for such other relief as the Court deems just.

DATED this 2nd day of May, 2022.

SNELL & WILMER L.L.P.


By: */s/ Elisabeth M. McOmber*
Tracy Fowler
Elisabeth M. McOmber
Aline Marie H. Longstaff
*Attorneys for Defendant Ford Motor*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of May, 2022, a true and correct copy of the foregoing Answer was filed with the Court via Greenfiling, which effectuated notice upon all parties of record, including the following:

> George T. Waddoups
> Geri C. Kelley
> George T. Waddoups & Associates PLLC
> 623 East Fort Union Boulevard, Ste. 108
> Midvale, Utah 84047
> george@waddoupslaw.com
> geri@waddoupslaw.com
>
> *Attorneys for Plaintiff*

/s/ Mary Batchelor
Legal Administrative Assistant
with Snell & Wilmer L.L.P.

4856-4082-3068

George T. Waddoups, #3965
Geri C. Kelley, #8800
GEORGE T. WADDOUPS & ASSOCIATES PLLC
623 East Fort Union Boulevard, Suite 108
Midvale, Utah  84047
Telephone: (801) 212-9992
Facsimile: (801) 212-9211
george@waddoupslaw.com
geri@waddoupslaw.com
Attorneys for Plaintiffs

---

IN THE SIXTH JUDICIAL DISTRICT COURT,

IN AND FOR SANPETE COUNTY, MANTI, UTAH DEPARTMENT

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC, Utah; TAKATA CORPORATION, aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS) aka JOYSON SAFETY SYSTEMS; JOYSON SAFETY SYSTEMS ACQUISITIONS, LLC; and JOHN DOE CORPORATIONS 1-5, <br><br> Defendants. | **CERTIFICATE OF SERVICE FOR PLAINTIFFS' INITIAL DISCLOSURES PURSUANT TO U.R.C.P. RULE 26(a)(1)** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Civil Number 210600084 <br><br> Judge Wallace A. Lee |

George T. Waddoups & Associates PLLC, attorneys for Plaintiffs, hereby certify

that a true and correct copy of **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO**

**U.R.C.P. RULE 26(a)(1)** was e-mailed on the 16th day of May, 2022, to the following:

Tracy H. Fowler
Elisabeth M. McOmber
Aline Marie H. Longstaff
Snell & Wilmer L.L.P.
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com
*Attorneys for Defendant Ford Motor Company*

DATED this 17th day of May, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC


*/s/ George T. Waddoups*
George T. Waddoups
Attorney for Plaintiffs

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS),<br><br>Defendants. | **CERTIFICATE OF SERVICE OF DEFENDANT FORD MOTOR COMPANY'S INITIAL DISCLOSURES**<br><br>**(Tier III)**<br><br>Case No.: 210600084<br><br>Judge: Wallace A. Lee |

This is to certify that on the 13th day of June, 2022, a true and correct copy of Defendant Ford Motor Company's Initial Disclosures and this Certificate of Service were served via email and U.S. Mail to all counsel of record including the following:

George T. Waddoups
Geri C. Kelley

George T. Waddoups & Associates PLLC
623 East Fort Union Boulevard, Ste. 108
Midvale, Utah 84047
george@waddoupslaw.com
geri@waddoupslaw.com

*Attorneys for Plaintiffs*

        SNELL & WILMER L.L.P.


        By: */s/ Elisabeth M. mcOmber*
        Elisabeth M. McOmber
        Tracy Fowler
        Aline Marie H. Longstaff
        *Attorneys for Defendant Ford Motor*
        *Company*

4858-1002-1156

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>    Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS),<br><br>    Defendants. | **STIPULATED MOTION TO DISMISS WITHOUT PREJUDICE 1) KEY SAFETY SYSTEMS (KSS) AKA JOYSON SAFETY SYSTEMS, JOYSON SAFETY SYSTEMS ACQUISITIONS, LLC, AND BLUFF STREET AUTO BROKERS, LLC, AND 2) DEFENDANT FORD MOTOR COMPANY'S CROSSCLAIM AGAINST DEFENDANT BLUFF STREET AUTO BROKERS**<br><br>Case No. 210600084<br>Judge:  Mandy Larsen |

Plaintiffs Elanore Tillack and Ed Tillack ("Plaintiffs") and Defendant Ford Motor

Company ("Ford"; together, the "Parties"), through counsel, hereby stipulate and jointly move the

Court, pursuant to Rules 41(a) and 41(c) of the Utah Rules of Civil Procedure, to dismiss all claims

against defendants Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems

Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, without prejudice, including Ford's Cross-claim against Bluff Street Auto Brokers, LLC.

The defendants being dismissed from the above-referenced action have not filed answers or motions for summary judgment or otherwise appeared through counsel.

A proposed Order of Dismissal accompanies this motion.

DATED this 22nd day of August, 2022.

SNELL & WILMER L.L.P.

By: */s/ Tracy H. Fowler*
Tracy Fowler
Elisabeth M. McOmber
Aline Marie H. Longstaff
*Attorneys for Defendant Ford Motor Company*

GEORGE T. WADDOUPS & ASSOCIATES PLLC

By: */s/ Geri C. Kelley (signed by filing attorney with*
Geri C. Kelley                       *permission of Geri*
George T. Waddoups            *C. Kelley via email)*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of August, 2022, a true and correct copy of **STIPULATED MOTION TO DISMISS WITHOUT PREJUDICE 1) KEY SAFETY SYSTEMS (KSS) AKA JOYSON SAFETY SYSTEMS, JOYSON SAFETY SYSTEMS ACQUISITIONS, LLC, AND BLUFF STREET AUTO BROKERS, LLC, AND 2) DEFENDANT FORD MOTOR COMPANY'S CROSSCLAIM AGAINST DEFENDANT BLUFF STREET AUTO BROKERS**, and also filed via the Court's efiling system, which effectuated service upon all counsel of record, including the following:

George T. Waddoups
Geri C. Kelley
George T. Waddoups & Associates PLLC
623 East Fort Union Boulevard, Ste. 108
Midvale, Utah 84047
george@waddoupslaw.com
geri@waddoupslaw.com

*Attorneys for Plaintiffs*

*/s/ Mary Batchelor*
Legal Administrative Assistant
Snell & Wilmer L.L.P.

4860-4272-4910

3

The Order of the Court is stated below:
**Dated:** August 23, 2022          /s/   MANDY LARSEN
10:10:55 AM          District Court Judge

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

### SIXTH JUDICIAL DISTRICT COURT
### SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS), <br><br> Defendants. | **ORDER GRANTING DISMISSAL WITHOUT PREJUDICE 1) DEFENDANTS KEY SAFETY SYSTEMS (KSS) AKA JOYSON SAFETY SYSTEMS, JOYSON SAFETY SYSTEMS ACQUISITIONS, LLC, AND BLUFF STREET AUTO BROKERS, LLC, AND 2) DEFENDANT FORD MOTOR COMPANY'S CROSSCLAIM AGAINST DEFENDANT BLUFF STREET AUTO BROKERS** <br><br> Case No. 210600084 <br> Judge:  Mandy Larsen |

Plaintiffs Elanore Tillack and Ed Tillack and Defendant Ford Motor Company, by and through their respective counsel, have stipulated and moved the Court for an Order Dismissing Without Prejudice 1) Defendants Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems

Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and 2) Dismissing Ford's Crossclaim from the above-captioned matter.  The Court, having reviewed the Stipulated Motion to Dismiss, finds good cause appearing, therefore:

IT IS HEREBY ORDERED that all claims and causes of action alleged against Defendants Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and Defendant Ford  Motor Company's Crossclaim against Defendant Bluff Street Auto Brokers, LLC, in the above-captioned matter shall be and are hereby DISMISSED WITHOUT PREJUDICE, each party to bear its own costs and attorneys' fees.

*    *    *    END OF ORDER    *    *    *

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Court's signature at the top of the first page.**

**Approved as to form:**

DATED this 22nd day of August, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

By: _/s/ Geri C. Kelley (signed by filing attorney with permission of Geri C. Kelley rec'd_
George T. Waddoups                                              _via email 8/22/22)_
Geri C. Kelley

_Attorneys for Plaintiffs_

4872-1824-4398

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK, <br><br> Plaintiff, <br><br> vs. <br><br> FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS), <br><br> Defendants. | **ORDER GRANTING DISMISSAL WITHOUT PREJUDICE 1) DEFENDANTS KEY SAFETY SYSTEMS (KSS) AKA JOYSON SAFETY SYSTEMS, JOYSON SAFETY SYSTEMS ACQUISITIONS, LLC, AND BLUFF STREET AUTO BROKERS, LLC, AND 2) DEFENDANT FORD MOTOR COMPANY'S CROSSCLAIM AGAINST DEFENDANT BLUFF STREET AUTO BROKERS** <br><br> Case No. 210600084 <br> Judge:   Mandy Larsen |

Plaintiffs Elanore Tillack and Ed Tillack and Defendant Ford Motor Company, by and

through their respective counsel, have stipulated and moved the Court for an Order Dismissing

Without Prejudice 1) Defendants Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson

Safety Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and 2) Dismissing

Ford's Crossclaim from the above-captioned matter.   The Court, having reviewed the Stipulated Motion to Dismiss, finds good cause appearing, therefore:

IT IS HEREBY ORDERED that all claims and causes of action alleged against Defendants Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and Defendant Ford  Motor Company's Crossclaim against Defendant Bluff Street Auto Brokers, LLC, in the above-captioned matter shall be and are hereby DISMISSED WITHOUT PREJUDICE, each party to bear its own costs and attorneys' fees.

*     *     *     END OF ORDER     *     *     *

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Court's signature at the top of the first page.**

**Approved as to form:**

DATED this 22nd day of August, 2022.

GEORGE T. WADDOUPS & ASSOCIATES PLLC

By: */s/ Geri C. Kelley (signed by filing attorney with permission of Geri C. Kelley rec'd*
George T. Waddoups                                                     *via email 8/22/22)*
Geri C. Kelley

*Attorneys for Plaintiffs*

4872-1824-4398

Tracy H. Fowler (1106)
Elisabeth M. McOmber (10615)
Aline Marie H. Longstaff (16089)
Snell & Wilmer L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
tfowler@swlaw.com
emcomber@swlaw.com
alongstaff@swlaw.com

*Attorneys for Defendant Ford Motor Service   Company*

SIXTH JUDICIAL DISTRICT COURT
SANPETE COUNTY, MANTI, STATE OF UTAH

| | |
|---|---|
| ELANORE TILLACK AND ED TILLACK,<br><br>                  Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, dba LINCOLN MOTOR COMPANY; FORD MOTOR SERVICE COMPANY; BLUFF STREET AUTO BROKERS, LLC; TAKATA CORPORATION aka TAKATA PROTECTION SYSTEMS INC. TKJP; TAKATA KYUSHU CORPORATION; TAKATA SERVICE CORPORATION, acquired in part by KEY SAFETY SYSTEMS (KSS),<br><br>                  Defendants. | **DEFENDANT FORD MOTOR SERVICE COMPANY'S ANSWER**<br><br>**(Tier III)**<br><br>Case No.: 210600084<br>Judge: Mandy Larsen |

Defendant Ford Motor Service Company ("Defendant") hereby answers the Complaint of

Plaintiffs Elanore Tillack and Ed Tillack (hereafter, "Plaintiffs") as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1.     Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 1, and therefore denies same.

2.     Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 2, and therefore denies same.

3.     Defendant admits it is registered to do business in the State of Utah, but denies the remainder of the factual allegations in paragraph 3. Defendant further responds that it is a separate entity from Ford Motor Company and that it does not maintain, service, manufacture, or sell vehicles. The remaining allegations in paragraph 3 assert legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the remaining allegations in paragraph 3.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding other defendants and entities, and therefore denies same. Defendant further responds that it is a separate entity from Ford Motor Company and that it does not manufacture or sell vehicles. Defendant also responds that Takata Corporation is an entirely separate company from Defendant. Defendant denies any remaining allegations in paragraph 4 directed to it.

5.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same. Defendant further responds that paragraph 5 contains legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the remaining allegations in paragraph 5.

## II.

## <u>STATEMENT OF FACTS</u>

6.       Defendant hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

7.       The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7 and reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

8.       The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 8 and reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

9.       Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 9, and therefore denies same.

10.      Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 10, and therefore denies same.

11.      The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 11, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and Takata Corporation and that it does not manufacture, sell, or service vehicles.

12.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 12, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and Takata Corporation and that it does not manufacture, sell, or service vehicles.

13.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief concerning the allegations of paragraph 13, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and Takata Corporation and that it does not manufacture, sell, or service vehicles.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies the same.

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies the same.

29.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

5

29, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

30.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

31.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. The allegations in paragraph 31 of the Complaint also contain legal conclusions, to which no response is necessary. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

32.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. The allegations in paragraph 32 of the Complaint also contain legal conclusions, to which no response is necessary. To the extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies the same. Defendant reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

33.     The allegations in this paragraph do not appear to be directed to this Defendant and therefore no response is required. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies the same.

6

Defendant reiterates that it is a separate entity from Ford Motor Company and that it does not manufacture, sell, or service vehicles.

## III.

### FIRST CAUSE OF ACTION
### Negligence
### (Against All Defendants)

34.     Defendant hereby incorporates by reference the responses contained in the foregoing paragraphs as if they were fully set forth herein.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies the same. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

36.     The allegations in paragraph 36 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 36 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

37.     The allegations in paragraph 37 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 37 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

38.     The allegations in paragraph 38 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 38 of the Complaint. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

39.     The allegations in paragraph 39 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 39 of the Complaint. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

40.     The allegations in paragraph 40 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 40 of the Complaint. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

**IV.**

**SECOND CAUSE OF ACTION**
**Products Liability Negligence**
**(Against All Defendants)**

41.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

42.     The allegations in paragraph 42 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 42 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

43.     The allegations in paragraph 43 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 43 of the Complaint (including all its subparts) and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

44.     The allegations in paragraph 44 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 44 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

<strong>V.</strong>

<strong>THIRD CAUSE OF ACTION<br/>Strict Liability under Section 402 Of the Restatement (Second) of Torts<br/>(Against All Defendants)</strong>

45.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

46.     The allegations in paragraph 46 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 46 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

47.     The allegations in paragraph 47 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the

allegations contained in paragraph 47 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

48.     The allegations in paragraph 48 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 48 of the Complaint. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

49.     The allegations in paragraph 49 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 49 of the Complaint. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

50.     The allegations in paragraph 50 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 50 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

51.     The allegations in paragraph 51 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 51 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

**VI.**

**FOURTH CAUSE OF ACTION**
**Violation of Statute (Against All Defendants)**

52.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

53.     The allegations in paragraph 53 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 53 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

54.     The allegations in paragraph 54 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 54 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

55.     The allegations in paragraph 55 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 55 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

56.     The allegations in paragraph 56 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 56 of the Complaint and reiterates that it does not design or

manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

## VIII.

### FIFTH CAUSE OF ACTION
### Failure to Warn (Against All Defendants)

57.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

58.     The allegations in paragraph 58 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 58 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

59.     The allegations in paragraph 59 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 59 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

60.     The allegations in paragraph 60 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 60 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

## VIII.

### SIXTH CAUSE OF ACTION
### Breach of Express Warranty (Against All Defendants)

61.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

62.     The allegations in paragraph 62 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 62 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

63.     The allegations in paragraph 63 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 63 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

64.     The allegations in paragraph 64 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 64 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

13

**IX.**

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Warranty for a Particular Purpose And Merchantability**
**(Against All Defendants)**

65.    Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

66.    The allegations in paragraph 66 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 66 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

67.    The allegations in paragraph 67 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 67 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

68.    The allegations in paragraph 68 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 68 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

**X.**
**EIGHTH CAUSE OF ACTION**
**Negligent Misrepresentation (Against All Defendants)**

69.     Defendant hereby incorporates by reference the answers contained in the foregoing paragraphs as if they were fully set forth herein.

70.     The allegations in paragraph 70 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 70 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

71.     The allegations in paragraph 71 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 71 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

72.     The allegations in paragraph 72 of the Complaint contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations contained in paragraph 72 of the Complaint and reiterates that it does not design or manufacture vehicles. Defendant specifically denies that any act or failure to act on its part caused or contributed to Plaintiffs' alleged injuries and/or damages.

**GENERAL DENIAL**

Defendant denies each and every allegation, statement, or legal conclusion asserted in the Complaint not expressly admitted herein.

15

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief sought in their prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations and / or repose.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Complaint fails to state a cause of action upon which relief may be granted against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, for lack of jurisdiction over Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged damages, if any, were caused or contributed to by the negligence or fault or other persons, firms, corporations, or entities over whom Defendant has and had no control or right of control and for whom it is not responsible and liability, fault and damages should be apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by federal preemption.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' failure to take reasonable steps to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Subject Vehicle complied with all applicable government regulations and standards at the time it was designed, manufactured, and sold and therefore Defendant is exempt from any award of punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the proximate cause of the accident described in Plaintiffs' Complaint and the resulting injuries and damages, if any, to Plaintiffs may have been the use of the Subject Vehicle for a purpose, in a manner, or in an activity other than that which was reasonably foreseeable or was contrary to an express or adequate warning appearing on, attached to, or delivered with the Subject Vehicle; and further, the decedent knew, or with the exercise of reasonable diligence and care should have known, of such instructions and warnings.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the percentage or proportion of fault attributable to Plaintiffs and to others, whether or not joined as parties herein, should be determined by separate special verdicts pursuant to Utah Code Ann. § 78B-5-819, thereby barring or diminishing any recovery against Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that the alleged injuries of Plaintiffs were not proximately caused or contributed to by any act or omission of Defendant. To the extent that Plaintiff suffered from any alleged injuries or damages, they were caused by the acts or omissions on the part of parties, individuals, and entities other than Defendant.

17

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the Subject Vehicle was not in the same condition at the time of the events, injuries and damages alleged in the Complaint as when it left the custody and control of Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs have received, or are now or subsequently become entitled to recover, any compensation or benefits from any source in connection with the harm alleged in the Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation or benefits.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because at the time the Subject Vehicle was originally sold, it was fit for its intended purpose and was not defective or unreasonably dangerous, and it had adequate warnings.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs cannot show that any reasonable alternative design would have rendered the Subject Vehicle safer overall under the Restatement (Third) of Product Liability § 2, cmt. f.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' breach of warranty claims may be barred by Utah Code Ann. § 70A-2-607.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, to the extent that Plaintiffs have failed to join indispensable parties necessary to this action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because Plaintiffs' alleged injuries and damages, if any, was the result of Plaintiff Elanore Tillack's own negligence, carelessness, inattention, assumption of risk, or otherwise wrongful or unsafe act and Plaintiffs' damages should thereby be reduced or eliminated by the percentage of their negligence and fault.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the limitations and defenses set out in the Utah Product Liability Act, Utah Code Ann. §§ 78B-6-701 to -707 (2021). Defendant pleads all available defenses under the Utah Product Liability Act.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, because the plans or designs for the subject product(s), and the method and techniques of designing, manufacturing, inspecting, testing and labeling (including warnings and instructions for use) the product(s), conformed to the state-of-the-art at the time the product was first sold and when the product(s) at issue left the control of the original seller, no practical and technically feasible alternative was available that would have prevented the harm for which Plaintiffs seek to recover without substantially impairing the safety, efficacy, or usefulness of the product(s) for its intended use.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, as the product or products at issue, if any, were not unreasonably dangerous within the meaning of Utah Code Ann. § 78B-6-703.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of express or implied pre-emption as a result of compliance of the product(s) at issue with any applicable industry and government standards.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to read and heed any applicable warnings.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because the product or products at issue complied with all applicable state and federal statutes and government regulations, and Defendant is entitled to the rebuttable presumption as set forth in Utah Code Ann. § 78B-6-703(2).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, by a disclaimer, exclusion, or limitation of warranties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty may be barred, in whole or in part, because Plaintiffs did not rely on any express or implied warranties, if any existed.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' warranty claims may be barred, in whole or in part, for failure to provide reasonable and adequate notice of any breach of such alleged warranties. Utah Code Ann. § 70A-2-607(3).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the plans or designs for the subject product, and the method and techniques of designing, manufacturing, inspecting, testing and labeling the product, conformed to the state-of-the-art at the time the product was first sold.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred because the allegedly defective product or products at issue were free from any defects or defective condition and not unreasonably dangerous at the time it left the original seller's custody and control.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of assumption of the risk and/or unreasonable use of a product.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions, if any, alleged against Defendant in the Complaint were not substantial factors in bringing about the alleged injuries and damages to Plaintiffs and therefore were not contributing causes thereof, but were superseded by the acts and omissions of others, which were the independent, intervening and proximate cause of any damages alleged by Plaintiffs.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrines of laches, waiver, and/or estoppel.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by additional affirmative defenses that may arise during the course of the litigation. Defendant has not knowingly or intentionally waived

any applicable affirmative defenses or avoidance. Defendant expressly reserves and does not waive the right to amend its affirmative defenses as investigation, discovery, and/or trial reveal to be applicable.

## TRIAL BY JURY

Defendant demands a trial by jury for all issues triable by a jury and relies on the fee previously paid to the Court by Plaintiffs.

## NOTICE OF ALLOCATION OF FAULT

Pursuant to Rule 9 of the Utah Rules of Civil Procedure, Defendant hereby provides notice that it intends to allocate fault to non-parties. In support of its notice of allocation, Defendant incorporates its answer and affirmative defenses, and further states as follows:

1.      The Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817 through 78B-5-823 provides for allocation of fault to parties and non-parties.

2.      Plaintiffs allege in their Complaint that Defendant is responsible, at least in part, for their injuries.

3.      Although Defendant does not seek any affirmative relief from others, it is entitled to a determination of the potential fault of other named parties and non-parties pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-823 and Rule 9(l) of the Utah Rules of Civil Procedure. Defendant further provides notice to allocate fault to third parties involved in the use, operation, maintenance, inspection, repair, supply, and/or sale of the subject vehicle (including its component parts). These parties and non-parties should be added to the special verdict form for purposes of determining their percentage of fault for the alleged injuries and damages at issue.

4.      Defendant reserves the right to provide notice of additional persons and/or entities that caused or contributed to Plaintiffs' alleged injuries or damages, and reserves the right to add other persons or entities to the special verdict form.

**PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiffs' Complaint, Defendant prays that it be dismissed with prejudice, that Plaintiffs take nothing thereby and that Defendant be awarded its costs and for such other relief as the Court deems just.

DATED this 14th day of September, 2022.

SNELL & WILMER L.L.P.


By: */s/  Elisabeth M. McOmber*
Tracy H. Fowler
Elisabeth M. McOmber
Aline Marie H. Longstaff

*Attorneys for Defendant Ford Motor Service Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 14th day of September, 2022, a true and correct copy of the

foregoing Answer was filed with the Court via Greenfiling, which effectuated notice upon all

parties of record, including the following:

George T. Waddoups
Geri C. Kelley
George T. Waddoups & Associates PLLC
623 East Fort Union Boulevard, Ste. 108
Midvale, Utah 84047
george@waddoupslaw.com
geri@waddoupslaw.com

*Attorneys for Plaintiffs*

*/s/ Mary Batchelor*
Legal Administrative Assistant
Snell & Wilmer L.L.P.

4891-7585-3363

24

# Case Summary

📄 File on Case     📁 View Filings     🔄 Refresh     🖨 Print (DocketBrowser?caseId=1941416)     ✏ Edit     🗑

Delete

**210600084: ELANORE TILLACK et al. vs. FORD MOTOR COMPANY et al.**

🕒 Last Update: 08/23/2022 10:37 AM MDT

## Case Information

**Case Number**
210600084

**Case Type**
General Civil - Product Liability (NOT Asbestos)

**Court Location**
Manti District Court

**Judge**
Hon. MANDY LARSEN

**Case Name/Title**
ELANORE TILLACK et al. vs. FORD MOTOR COMPANY et al.

**Status**
Unavailable

👥 View Service List

## Party Information

**Judge**
LARSEN, MANDY

**Plaintiff**
TILLACK, ELANORE
GEORGE T. WADDOUPS & ASSOC.
45 W. SEGO LILY DR., STE. 315
SANDY, UT 84070

WADDOUPS, MICHELLE ( UT-14025 )
WADDOUPS, GEORGE ( UT-03965 )


**Plaintiff**
TILLACK, ED
GEORGE T. WADDOUPS & ASSOC.
45 W. SEGO LILY DR., STE. 315
SANDY, UT 84070

WADDOUPS, MICHELLE ( UT-14025 )
WADDOUPS, GEORGE ( UT-03965 )


**Defendant**
JOHN DOE CORPORATIONS 1-5


**Defendant**
KEY SAFETY SYSTEMS KSS


**Defendant**
TAKATA SERVICE CORPORATION


**Defendant**
JOYSON SAFETY SYSTEMS ACQ LLC


**Defendant**
TAKATA KYUSHU CORPORATION


**Defendant**
JOYSON SAFETY SYSTEMS


**Defendant**
TAKATA CORPORATION


**Defendant**
BLUFF STREET AUTO BROKERS LLC

MCOMBER, ELISABETH ( UT-10615 )


**Defendant**

FORD MOTOR SERVICE COMPANY

**Defendant**
FORD MOTOR COMPANY

LONGSTAFF, ALINE MARIE ( UT-16089 )
FOWLER, TRACY ( UT-01106 )
MCOMBER, ELISABETH ( UT-10615 )

**Also Known As**
TAKATA PROTECTION SYSTEMS INC

**Doing Business As**
LINCOLN MOTOR COMPANY

---

**Document Index**

**DOCUMENT Seq. ID 1**
Complaint TIER III (More than 300,000.00)
12/30/2021 11:25 AM MST

**ACCOUNT**
Fee Account created
12/30/2021 11:25 AM MST

**ACCOUNT**
Fee Payment
12/30/2021 11:25 AM MST

**DOCUMENT Seq. ID 2**
Return of Electronic Notification
12/30/2021 11:26 AM MST

**DOCUMENT Seq. ID 3**
Amended Complaint TIER III (More than 300,000.00)
03/15/2022 02:33 PM MDT

**DOCUMENT Seq. ID 4**
Return of Electronic Notification
03/15/2022 02:36 PM MDT

**DOCUMENT Seq. ID 5**

Return of Service for Ford Motor Company upon DANI SNOW, PROCESS AGENT for
03/24/2022 02:31 PM MDT

**DOCUMENT Seq. ID 6**
Return of Service for Ford Motor Service Company upon DANI SNOW, PROCESS AGENT for
03/24/2022 02:31 PM MDT

**DOCUMENT Seq. ID 7**
Return of Service for Lincoln Motor Company upon DANI SNOW, PROCESS AGENT for
03/24/2022 02:31 PM MDT

**DOCUMENT Seq. ID 8**
Return of Electronic Notification
03/24/2022 02:36 PM MDT

**DOCUMENT Seq. ID 9**
Return of Service for Bluff Street Auto Brokers, L.L.C. upon TJ HARPER, MANAGER for
03/28/2022 09:46 AM MDT

**DOCUMENT Seq. ID 10**
Return of Electronic Notification
03/28/2022 09:50 AM MDT

**DOCUMENT Seq. ID 11**
Return of Service for Joyson Safety Systems Acquisition LLC upon JAMES ROBERTS, AUTHORIZED
REP. FOR NRA for
04/07/2022 09:56 AM MDT

**DOCUMENT Seq. ID 12**
Return of Electronic Notification
04/07/2022 10:03 AM MDT

**DOCUMENT Seq. ID 13**
Answer of Defendant Ford Motor Company
04/11/2022 08:07 PM MDT

**DOCUMENT Seq. ID 14**
Return of Electronic Notification
04/11/2022 08:10 PM MDT

**DOCUMENT Seq. ID 15**
NOTICE OF EVENT DUE DATES
04/11/2022 08:30 PM MDT

**DOCUMENT Seq. ID 16**
Return of Electronic Notification
04/12/2022 01:56 AM MDT

**DOCUMENT Seq. ID 17**
Crossclaim for Apportionment of Fault Against Defendant Bluff Street Auto Brokers, LLC AND
AMENDED ANSWER of Defendant Ford Motor Company
05/02/2022 12:19 PM MDT

**ACCOUNT**
Fee Account created
05/02/2022 12:19 PM MDT

**ACCOUNT**
Fee Payment
05/02/2022 12:19 PM MDT

**DOCUMENT Seq. ID 18**
Return of Electronic Notification
05/02/2022 12:25 PM MDT

**DOCUMENT Seq. ID 19**
Certificate of Service for Plaintiffs Initial Disclosures Pursuant to U.R.C.P. Rule 26(a)(1)
05/17/2022 09:47 AM MDT

**DOCUMENT Seq. ID 20**
Return of Electronic Notification
05/17/2022 09:51 AM MDT

**DOCUMENT Seq. ID 21**
Certificate of Service of Defendant Ford Motor Companys Initial Disclosures
06/13/2022 10:11 AM MDT

**DOCUMENT Seq. ID 22**
Return of Electronic Notification
06/13/2022 10:13 AM MDT

**DOCUMENT Seq. ID 23**
Motion to Dismiss without Prejudice (Stipulated) 1) Key Safety Systems (KSS) aka Joyson Safety
Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and 2) Defendant Ford Motor Companys
Cross-Claim Against Defendant Bluff Street Auto Brokers
08/22/2022 04:28 PM MDT

**DOCUMENT Seq. ID 24**

Order (Proposed) Granting Dismissal without Prejudice 1) Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and 2) Defendant Ford Motor Cos Cross-Claim Against Bluff Stree...
08/22/2022 04:28 PM MDT

**DOCUMENT Seq. ID 25**
Return of Electronic Notification
08/22/2022 04:31 PM MDT

**DOCUMENT Seq. ID 26**
Order Granting Dismissal without Prejudice 1) Key Safety Systems (KSS) aka Joyson Safety Systems, Joyson Safety Systems Acquisitions, LLC, and Bluff Street Auto Brokers, LLC, and 2) Defendant Ford Motor Cos Cross-Claim Against Bluff Street Auto Brokers
08/23/2022 10:11 AM MDT

**DOCUMENT Seq. ID 27**
Return of Electronic Notification
08/23/2022 10:16 AM MDT

**DISMISS**
Dismissed party - KEY SAFETY SYSTEMS KSS
08/23/2022 11:11 AM MDT

**DISMISS**
Dismissed party - JOYSON SAFETY SYSTEMS
08/23/2022 11:11 AM MDT

**DISMISS**
Dismissed party - JOYSON SAFETY SYSTEMS
08/23/2022 11:11 AM MDT

**DISMISS**
Dismissed party - BLUFF STREET AUTO BROK
08/23/2022 11:12 AM MDT

**ℹ Important Note:** If you do not see docket information above this message, then your account is not associated with an attorney of record on this case. To record an attorney of record on the case you can e-file an Appearance of Counsel, or contact the Court directly if a previous filing exists that should have made the attorney of record.